**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL,** ) ) ) ) | |
| ) | **CIVIL ACTION FILE** |
| **Plaintiff,** ) | **NO. 1:11-cv-01110-JEC** |
| ) | |
| **v.** ) | |
| ) | |
| **MELANIE PICKENS, PAULA MERRITT, AND FRANCES BOYD,** ) ) ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT MELANIE PICKENS' MOTION FOR PARTIAL**
**JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT**

COMES NOW, Melanie Pickens, a Defendant in the above-referenced case, and files this, her Motion for Partial Judgment on the Pleadings.

As explained below, many of the claims asserted against Ms. Pickens fail to state a claim upon which may be granted. For example, Plaintiff has asserted causes of action that do not exist under Georgia law and/or are redundant of other claims he has pled against Ms. Pickens. Other causes of action pled by Plaintiff against Ms. Pickens allege violation of criminal statutes that do not provide for a

civil remedy.    Additional claims asserted by Plaintiff against Ms. Pickens are not viable based on the facts alleged in the Complaint.

## I.    BACKGROUND

Plaintiff, by and through his Guardian, filed his Complaint on February 24, 2011 in the Superior Court of Fulton County against Ms. Pickens, Paula Merritt and Frances Boyd.  In the Complaint, Plaintiff alleges that he is a severely disabled student who was abused and neglected by Ms. Pickens while a special education student at Hopewell Middle School between the 2004/2005 and 2006/2007 school years. (Complaint, ¶¶ 1, 6, 13-19).

Based on the alleged abuse and neglect, Plaintiff asserted the following claims against Ms. Pickens in this lawsuit: (1) "Intentional, Malicious, Willful" Physical Assault (Count One); (2) "Intentional, Malicious, Willful" Physical Battery (Count Two); (3) "Intentional, Malicious, Willful" Physical Abuse (Count Three); (4) "Intentional, Malicious, Willful" Sexual Abuse (Count Four); (5) "Intentional, Malicious, Willful" Deprivation of a Minor (Count Five); (6) "Intentional, Malicious, Willful" Abandonment (Count Six); (7) "Intentional, Malicious, Willful" Unlawful Confinement (Count Seven); (8) "Intentional, Malicious, Willful" False Imprisonment (Count Eight); (9) "Intentional, Malicious, Willful" Intentional Infliction of Emotional Distress (Count Nine); (10)

"Intentional, Malicious, Willful" Cruelty To A Child (Count Ten); (11) "Intentional, Malicious, Willful" Denial of Constitutional Rights to Due Process, Equal Protection and freedom from cruel and unusual punishment (Counts Eleven and Twelve); (12) "Intentional, Malicious, Willful" Discrimination (Count Thirteen); (13) "Intentional, Malicious, Willful" Breach of Duty of Care (Count Sixteen); (14) "Intentional, Malicious, Willful" Conspiracy (Count Seventeen); and (15) Fraud (Count Eighteen). Plaintiff seeks an unspecified amount in damages and attorney's fees and expenses.

Ms. Pickens removed the case to this Court on April 6, 2011 on the ground of federal question jurisdiction. Plaintiff filed a Motion to Remand on April 26, 2011 and that Motion is pending before the Court.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff's Claim For "Physical Abuse" (Count Three) Should Be Dismissed

Plaintiff's claim against Ms. Pickens for "Physical Abuse" (Count Three) should be dismissed because there is no cognizable cause of action in Georgia for "Physical Abuse", and this claim, at most, is redundant of Plaintiff's battery claim. Plaintiff's claim for "Physical Abuse" against Ms. Pickens (Count Three) therefore should be dismissed.

**B. Plaintiff's Claim For "Sexual Abuse" (Count Four) Should Be Dismissed Because Plaintiff Cannot Assert A Civil Cause Of Action Based On The Alleged Violation Of A Criminal Statute**

Plaintiff's claim against Ms. Pickens for "Sexual Abuse" (Count Four) appears to refer to O.C.G.A. § 9-3-33.1, which is a criminal statute entitled "childhood sexual abuse." Under that statute the term means:

> [A]ny act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of 18 years and which act would have been proscribed by Code Section 16-6-1, relating to rape; Code Section 16-6-2, relating to sodomy and aggravated sodomy; Code Section 16-6-3, relating to statutory rape; Code Section 16-6-4, relating to child molestation and aggravated child molestation; Code Section 16-6-5, relating to enticing a child for indecent purposes; Code Section 16-6-12, relating to pandering; Code Section 16-6-14, relating to pandering by compulsion; Code Section 16-6-15, relating to solicitation of sodomy; Code Section 16-6-22, relating to incest; Code Section 16-6-22.1, relating to sexual battery; or Code Section 16-6-22.2, relating to aggravated sexual battery, or any prior laws of this state of similar effect which were in effect at the time the act was committed.

O.C.G.A. § 9-3-33.1.

Plaintiff cannot assert a civil cause of action for the alleged violation of this criminal statute. See Reece v. Turner, 284 Ga.App. 282, 286-287, 643 S.E.2d 814 (2007) (holding that violation of O.C.G.A. § 19-7-5, a criminal statute imposing duty on certain professionals to report abuse, does not create a private cause of action in tort) (citing cases); Cechman v. Travis, 202 Ga.App. 255, 256, 414 S.E.2d

282 (1991) (same).  <u>See</u> <u>also</u> <u>Calhoun v. Federal Nat'l Mtg. Ass'n</u>, 823 F.2d 451, 455 (11th Cir. 1987) (holding that Georgia penal statutes do not give rise to private causes of action for conduct proscribed), <u>cert. denied</u>, 484 U.S. 1078 (1988).

Moreover, even if Plaintiff could assert such a claim, his allegations that Ms. Pickens rubbed her breasts and buttocks in his face (Complaint, ¶ 20) do not fall within the scope of § 9-3-33.1.   Based on the foregoing, Plaintiff's claim against Ms. Pickens for "Sexual Abuse" should be dismissed.

**C.**      **Plaintiff's Claim For Deprivation Of A Minor (Count Five) Should Be Dismissed Because Plaintiff Cannot Assert A Civil Cause Of Action Based On The Alleged Violation Of A Criminal Statute**

Plaintiff's claim against Ms. Pickens for Deprivation of a Minor (Count Five) appears to refer to  O.C.G.A. § 16-12-1, which is a criminal statute that prohibits the willful commission of an act or omission that deprives a child of the physical, mental, emotional or moral needs essential to the child's well-being. <u>Bagby v. State,</u> 274 Ga. 222, 223, 552 S.E.2d 807 (2001).  Plaintiff cannot assert a civil cause of action for the alleged violation of this criminal statute for the reasons discussed in Section B above.      Plaintiff's claim against Ms. Pickens for Deprivation of a Minor therefore should be dismissed.

**D.** **Plaintiff's Claim For Abandonment (Count Six) Should Be Dismissed Because Ms. Pickens Was Not Jake's Parent Or Guardian, And Plaintiff Cannot Assert A Civil Cause Of Act Based On The Alleged Violation Of A Criminal Statute**

Plaintiff's claim against Ms. Pickens for Abandonment (Count Six) appears to refer to O.C.G.A. § 19-10-1, which makes it a criminal offense for the mother or father of a dependant child to abandon that child.   This statute is inapplicable to Ms. Pickens because she was not Jake's mother or father, but rather was her teacher. (Complaint, ¶ 6).

In his Motion to Remand, Plaintiff referred to O.C.G.A. § 16-5-72 as a basis for his claims.  To the extent that Plaintiff's Abandonment claim relies on § 16-5-72, any such reliance is misplaced.  That statute provides that a parent, guardian, or other person supervising the welfare of or having immediate charge or custody of a child under the age of one year commits a felony when the person willfully and voluntarily physically abandons such child with the intention of severing all parental or custodial duties and responsibilities to such child and leaving such child in a condition which results in the death of said child.   This statute is not applicable because Jake obviously was older than age one when he became a student of Ms. Pickens at Hopewell Middle School, and Ms. Pickens' alleged actions did not result in Jake's death.  (Complaint, ¶¶ 1, 6, 12).

Even if Plaintiff could show that § 19-10-1 or § 16-5-72 are applicable (which he cannot do), Plaintiff cannot assert a civil cause of action based on the alleged violation of these criminal statutes for the reasons discussed in Section B above.   Plaintiff's Abandonment claim therefore should be dismissed.

**E.      Plaintiff's Claim For "Unlawful Confinement" (Count Seven) Should Be Dismissed Because No Such Claim Exists**

In Count Seven, Plaintiff asserts a claim against Ms. Pickens for "Unlawful Confinement."  No such cause of action exists, however, under Georgia law.  At most, this claim is redundant of Plaintiff's false imprisonment claim.   The Court therefore should dismiss Plaintiff's "Unlawful Confinement" claim against Ms. Pickens.

**F.      Plaintiff's Claim For Cruelty To A Child (Count Ten) Should Be Dismissed Because Plaintiff Cannot Assert A Civil Cause Of Action Based On The Alleged Violation Of A Criminal Statute**

In Count Ten, Plaintiff asserts a claim against Ms. Pickens for Cruelty To A Child.  This claim appears to refer to O.C.G.A. § 16-5-70, which provides that a parent, guardian, or other person supervising the welfare of or having immediate charge or custody of a child under the age of 18 commits the offense of cruelty to children in the first degree when such person willfully deprives the child of necessary sustenance to the extent that the child's health or well-being is

jeopardized. For the reasons discussed in Section B above, Plaintiff cannot assert a civil cause of action based on the alleged violation of this criminal statute.

## G. Plaintiff's Breach Of Duty Of Care Claim (Count Sixteen) Should Be Dismissed

In Count Sixteen, Plaintiff asserts a claim against Ms. Pickens for "Breach of Duty of Care." To the extent that Plaintiff contends that Ms. Pickens owed her a special duty of care pursuant to the public duty doctrine, that doctrine has been limited to the police protection context. Dollar v. Dalton Public Schools, 233 Ga.App. 827, 828, 505 S.E.2d 789 (1998) (citing cases).

To the extent that Plaintiff asserts that he is entitled to recover in tort pursuant to O.C.G.A. § 51-1-6 for the alleged violation of the various criminal statutes he has cited in the Complaint, any such assertion is misplaced. Section 51-1-6 provides that "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

In Reilly v. Alcan Aluminum Corp., 272 Ga. 279, 528 S.E.2d 238 (2000), the Georgia Supreme Court held that § 51-1-6 does not create a private right of action where the statute relied upon as creating the legal duty does not provide a civil right of action. Accord Northrup v. Conseco Finance Corp., 141 F.Supp.2d

1372, 1376 (M.D. Ga. 2001) (plaintiff cannot assert claim pursuant to § 51-1-6 based on violation of criminal statutes because § 51-1-6 "does not give rise to a private cause of action unless the statutes outlining the legal duty provide for a civil remedy").

As set forth above, Plaintiff's Breach of Legal Duty claim relies on Ms. Pickens' alleged violation of various criminal statutes that do not provide for a civil remedy. Accordingly, Plaintiff cannot circumvent the absence of a civil remedy in the criminal statutes he cites by invoking § 51-1-6. Plaintiff's Breach of Legal Duty claim therefore should be dismissed.

### H. Plaintiff's Cruel And Unusual Punishment Claim (Counts Eleven And Twelve) Should Be Dismissed Because Jake Was Not Convicted Of A Crime

In Counts Eleven and Twelve, Plaintiff asserts several constitutional claims, including one for violation of his constitutional right to freedom from cruel and unusual punishment. (Complaint, ¶ 53). These claims should be dismissed because Plaintiff cannot avail himself of the protections in the Eighth Amendment.

The law is clear that the prohibition against cruel and unusual punishment appearing in the Eighth Amendment to the United States Constitution does not apply to disciplinary measures against public school students. Mathis v. Berrien County Sch. Dist., 190 Ga. App. 255, 256, 378 S.E.2d 505 (1989) (citing Ingraham

v. Wright, 430 U.S. 651 (1977)). "An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes." Ingraham, 430 U.S. at 664. Accord H.C. by Hewitt v. Harrard, 786 F.2d 1080, 1085 (11th Cir. 1986) (interest of students to be free of excessive corporal punishment is not protected by the Eighth Amendment).

Thus, the Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable to allegations of wrongdoing asserted by students or their parents against school officials. See, e.g., DeKalb County School District v. J.W.M., 445 F.Supp.2d 1371, 1375 (N.D. Ga. 2006) (citing Ingraham and holding that allegations that disabled student's allegations that he was improperly restrained and deprived of food failed to state Eighth Amendment claim); Royster v. Bush, 2006 WL 1529753, at *4 (N.D. Fla. 2006) (rejecting Eighth Amendment claim based on failure to promote students to next grade and exposure to lead and asbestos); Brewer for Brewer v. City of El Cerrito, 666 F. Supp. 1346, 1348 (N.D. Cal. 1987) (stating that the Supreme Court had declined to extend the application of the proscription against cruel and unusual punishment to corporal punishment in public schools).

Because the instant case is one that has no relationship to a criminal conviction, Plaintiff's cruel and unusual punishment claim fails to state a viable claim and should be dismissed.

## I. Plaintiff's Equal Protection Claim (Counts Eleven and Twelve) Should Be Dismissed

As part of Counts Eleven and Twelve, Plaintiff also alleges that Ms. Pickens violated his Equal Protection rights. (Complaint, ¶ 53).

Equal Protection claims premised on disparate treatment based on disabilities such as mental retardation are subject to rational basis scrutiny because individuals with mental disabilities do not constitute a suspect class. Deen v. Stevens, 287 Ga. 597, 603, 698 S.E.2d 321 (2010) (citing federal cases).[1] Because Plaintiff's Equal Protection claim does not allege discrimination based on a suspect

---

[1] Plaintiff has represented to this Court in his Motion to Remand that the constitutional claims asserted in the Complaint were brought under the Georgia Constitution. However, Georgia courts have recognized that the rights protected under the Equal Protection provisions of the Georgia Constitution are coextensive with the rights protected under the Equal Protection Clause of the United States Constitution. Hanflick v. Ratchford, 848 F.Supp. 1539, 1544 n.8 (N.D. Ga. 1994) (citing Grissom v. Gleason, 262 Ga. 374, 375-76, 418 S.E.2d 27 (1992)). See also Benton v. State, 265 Ga. 648, 649 n.3, 461 S.E.2d 202 (1995); Ambles v. State, 259 Ga. 406, 383 S.E.2d 555 (1989); Barge-Wagener Constr. Co. v. Morales, 263 Ga. 109, 193, 429 S.E.2d 671 (1993) ("The equal protection clause of the Georgia Constitution is 'substantially equivalent' to the equal protection clause of the fourteenth amendment of the U.S. Constitution"). Accordingly, Ms. Pickens has cited extensively to federal cases construing the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

class such as race or gender, his claim is a "class of one" Equal Protection claim. A "class of one" Equal Protection claim asserts that the plaintiff "has been intentionally treated differently than others similarly-situated and that there is no rational basis for the difference in treatment." Griffin Indus. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007), cert. denied, 553 U.S. 1004 (2008).

In Engquist v. Oregon Department of Agriculture, 128 S.Ct. 2146 (2008), the United States Supreme Court held that public employees cannot assert a claim under the Equal Protection Clause of the Fourteenth Amendment by alleging that their employer made an employment decision in an arbitrary or irrational manner if the employee does not also allege that the different treatment was based on the employee's membership in a suspect class.

In rejecting such "class of one" Equal Protection claims, the Supreme Court explained that

> [t]here are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

Id. at 2154. The Supreme Court concluded that these principles apply to employment cases because employment decisions "are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." Id. Accordingly, the Supreme Court held that the class-of-one theory "is simply a poor fit in the public employment context." Id. at 2155.

The Eleventh Circuit has not hesitated to apply Engquist outside the context of public employment to other situations involving subjective and individualized assessments requiring the exercise of discretion based on a variety of circumstances. See, e.g., Leib v. Hillsborough County Public Transp. Comm'n, 558 F.3d 1301, 1306-07 (11th Cir. 2009) (applying Engquist to reject Equal Protection claim challenging denial of permit to operate a Toyota Prius as a limousine); Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273-74 (11th Cir. 2008) (applying Engquist and holding that "class of one" Equal Protection claim is not cognizable in government contract context).

Several courts have applied Engquist to reject "class of one" Equal Protection claims challenging disciplinary or academic decisions by school officials involving students. See, e.g., Yan v. Penn State University, 2010 WL 3221828, at *5-6 (M.D. Pa. August 13, 2010) (holding that Engquist bars "class of one" Equal Protection claim challenging graduate student's expulsion from

doctorate program after she failed two exams); DeFabio v. East Hampton Union Free School District, 658 F.Supp.2d 461, 494-95 (E.D.N.Y. 2009) (holding that Engquist bars "class of one" Equal Protection claim challenging decision to suspend student for allegedly making insensitive remark following death of Hispanic student), aff'd, 623 F.3d 71 (2d Cir. 2010), cert. denied, 131 S.Ct. 1578 (2011); Vassallo v. Lando, 591 F.Supp.2d 172, 187-89 (E.D.N.Y. 2008) (holding that Engquist bars "class of one" Equal Protection claim challenging search and questioning of student after fire in high school bathroom); Bissessur v. Indiana Univ. Bd. of Trustees, 2008 WL 4274451, at *8-9 (S.D. Ind. 2008) (holding that Engquist bars "class of one" Equal Protection claim challenging student's expulsion from optometry school based on poor grades), aff'd, 581 F.3d 599 (7th Cir. 2009).

The Court should apply Engquist and dismiss Plaintiff's "class of one" Equal Protection claim against Ms. Pickens in this case. Ms. Pickens' decisions regarding the manner in which to supervise and discipline Jake and other disabled students were precisely the type of subjective and individualized assessments requiring the exercise of discretion based on a variety of circumstances, including the details of the student's misconduct, the student's disabilities, individual personalities and the student's behavioral history.

Based on the foregoing, Plaintiff's Equal Protection claim against Ms. Pickens should be dismissed.

### J. Plaintiff's Fraud Claim Against Ms. Pickens (Count 18) Should Be Dismissed For Lack Of Particularity

In Count Eighteen of the Complaint, Plaintiff has asserted a claim for fraud against Ms. Pickens. "The tort of fraud has five elements. These are: (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." Hanlon v. Thornton, 218 Ga. App. 500, 501, 462 S.E.2d 154, 156 (1995) (citation omitted).

"To survive a motion to dismiss, allegations of fraud must satisfy the requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b), which is captioned 'pleading special matters,' requires: 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" Manhattan Construction Co. v. McArthur Elec. Inc., 2007 WL 295535, *12 (N.D. Ga. 2007) (citing United States v. Lab. Corp. of Am. Inc., 290 F.3d 1301, 1310 (11th Cir. 2002)); see also Fed. R. Civ. P. 9(b).

The heightened pleading requirement of Rule 9(b) is satisfied if a complaint "sets forth precisely what statements or omissions were made, in what documents or oral representations they were made, who made the statements, the time and

place the statements were made, the content of the statements, the manner in which they misled the plaintiff, and what benefit the defendant gained as a consequence of the fraud. Carpenters Health & Welfare Fund v. Coca-Cola Co., 321 F.Supp.2d 1342, 1347-48 (N.D. Ga. 2004). Rule 9(b)'s purpose is to inform defendants of "the precise misconduct with which they are charged." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1370 (11th Cir. 1997). A plaintiff in a fraud action "must plead precisely what statements were made, when, and by whom." American General Life Ins. Co. v. Ward, 530 F.Supp.2d 1306, 1310-11 (N.D. Ga. 2008) (Carnes, J.). Put another way, "Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why and how of the alleged fraud." Manhattan, 2007 WL 295535, at * 12. See also United States v. Lab. Corp. of Am., 2001 WL 1867721 at *1 (N.D. Ga. 2001) (holding that "the particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim").

Both the Eleventh Circuit and the district courts within the Eleventh Circuit consistently dismiss fraud claims based on the plaintiff's failure to comply with Rule 9(b)'s heightened pleading standard. See, e.g., West Coast Roofing and Water Proofing, Inc. v. Johns Manville Inc., 287 Fed. Appx. 81, 89 (11th Cir. 2008) (noting that a claim for fraud against Johns Manville should be dismissed because

the complaint failed to "identify any specific false statements by Johns Manville");

American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1064 (11th Cir. 2007)

(affirming dismissal of fraud claims because they, among other things, failed to

identify "when this fraud occurred, or what involvement the receivership entities

had in perpetrating or perpetuating this fraud"); WESI, LLC. v. Compass Envtl.,

Inc., 509 F.Supp.2d 1353, 1358 (N.D. Ga. 2007) (holding same); American

General Life Ins. Co., 530 F.Supp.2d at 1310-11 (holding fraud claim should be

dismissed for failing to allege precisely what statements were made, when and by

whom); Carpenters, 321 F.Supp.2d at 1348-49 (dismissing a claim for fraud

against securities analysts because the plaintiff "did not identify any specific

statements made by Defendants, and, in some cases, did not identify who made the

statement or when the statement was made"); Curtis Inv. Co., LLC v. Bayerische

Hypo-Und Vereinsbank, et al., 2007 WL 4564133 at *15 (N.D. Ga. 2007)

(dismissing fraud claims because the plaintiff "does not identify the who, what,

when, and where of any specific representation by any Defendant that HVB would

maintain the loan for 30 years"); Jimmy Smith Racing Tires, Inc. v. Ashleman,

2006 WL 2699127 at *11 (N.D. Ga. 2006) (dismissing fraud claims for failure to

identify "precisely what statements were made in what documents or oral

representations or what omissions were made" and "the content of such

statements") (Carnes, J.); <u>Danielson v. DBM, Inc.</u>, 2006 WL 3246581 at *5 (N.D. Ga. 2006) (in dismissing fraud claim, court notes that "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule"); <u>Feingold v. Budner</u>, 2008 WL 4610031 at * 2 (S.D. Fla. 2008) (in dismissing the plaintiff's fraud claims, court holds that "these allegations do not identify with precision the allegedly misleading statements made by Budner. Neither do they describe the time, place, content or manner of the misleading statements. They are thus insufficient to meet the Rule 9(b) standard").

In this case, Plaintiff has failed plead his fraud claims against Ms. Pickens with particularity, as required by Rule 9(b). The Complaint does not identify any specific fraudulent statement allegedly made by Ms. Pickens. Nor does the Complaint include any allegation as to what actions Ms. Pickens sought to induce Plaintiff to take (or refrain from taking) in reliance on Ms. Pickens' alleged fraudulent statements or how Ms. Pickens benefitted from any alleged fraud.

Accordingly, Plaintiff's fraud claim against Ms. Pickens should be dismissed.

### III.   CONCLUSION

For all the reasons set forth above, the following claims should be dismissed: (1) "Intentional, Malicious, Willful" Physical Abuse (Count Three); (2)

"Intentional, Malicious, Willful Sexual Abuse" (Count Four); (3) "Intentional, Malicious, Willful" Deprivation of a Minor (Count Five); (4) "Intentional, Malicious, Willful" Abandonment (Count Six); (5) "Intentional, Malicious, Willful" Unlawful Confinement (Count Seven); (6) "Intentional, Malicious, Willful" Cruelty To A Child (Count Ten); (7) "Intentional, Malicious, Willful" Denial of Constitutional Rights to Equal Protection and freedom from cruel and unusual punishment (Counts Eleven and Twelve); (8) "Intentional, Malicious, Willful" Breach of Duty of Care (Count Sixteen); and (9) Fraud) (Count Eighteen).

Respectfully Submitted,


**FREEMAN MATHIS & GARY, LLP**


\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392


100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960
E:  mackourey@fmglaw.com
    bbuechner@fmglaw.com
00035595


Attorneys for Defendant Pickens

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14 point type face.

**FREEMAN MATHIS & GARY, LLP**

\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL,** ) ) ) ) | |
| ) | **CIVIL ACTION FILE** |
| **Plaintiff,** ) | **NO. 1:11-cv-01110-JEC** |
| ) | |
| **v.** ) | |
| ) | |
| **MELANIE PICKENS, PAULA MERRITT, AND FRANCES BOYD,** ) ) ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I have this day electronically submitted the foregoing **DEFENDANT MELANIE PICKENS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are as follows:

Chris E. Vance, Esq.
Chris E. Vance, P.C.
2415 Oak Grove Valley Road – Suite 100
Atlanta, Georgia 30345

Todd E. Hatcher, Esq.
Aric M. Kline, Esq.
Brock, Clay, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, Georgia 30060

Lawrence B. Domenico
Mozley, Finlayson & Loggins LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342

John D. Wales
John D. Wales, P.C.
3330 Cumberland Blvd. Suite 500
Atlanta, Georgia 30339

This 13th day of July, 2011.

/s/ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555