IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL,<br><br>    Plaintiff,<br><br>v.<br><br>MELANIE PICKENS, PAULA MERRITT, and FRANCES BOYD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br><br>NO. 1:11-CV-01110-JEC |

## PLAINTIFF'S PRELIMINARY BRIEF IN RESPONSE TO DEFENDANT MELANIE PICKENS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

COMES NOW Plaintiff Jake Marshall, by and through his Guardian, Conservator, and Next Friend, Judy Marshall, and files this preliminary brief in opposition to Defendant Pickens' Motion for Partial Judgment on the Pleadings (Doc. 26).

On April 26, 2011, Plaintiff timely filed a motion to remand and a motion to stay with this Court and only files this preliminary response out of an abundance of precaution. Both the motion to remand and the motion to stay should be granted, but in the most unlikely event that both motions were denied, Plaintiff files this preliminary brief opposing Defendant Pickens' motion and respectfully requests he

be granted 21 days from date of any order denying said motions to file a

comprehensive response to Pickens' motion for partial judgment on the pleadings.[1]

## I.   <u>PRELIMINARY STATEMENT</u>

According to over ten eye witnesses,[2] Defendant Pickens severely,

repeatedly, and maliciously abused Plaintiff Jake Marshall, an individual with

disabilities who was unable to go home and tell his parents about the abuse.  For

three years, Defendant Pickens pushed Jake down, hit him, slapped him, kicked

him, "jacked him up," screamed at him, cursed at him, called him names (including

"little fu_ker" and "little sh_t"), put her breasts and buttocks in his face, passed gas

on him, sprayed Lysol on him, went looking for Jake to intentionally upset him,

threw objects at him, deprived him of lunch, and tied him for hours numerous days

of the week for a period of three years to a wooden chair in a room by himself.

After removing this matter from state court, Pickens has now filed a motion

for partial judgment on the pleadings.  (Doc. 26).  Pickens' motion should be

denied for the reasons set forth herein.

---

[1] Should this matter not be remanded, Plaintiff will timely file leave to amend his Complaint.

[2] Although Pickens denies the allegations set forth in the Complaint, over ten witnesses have given taped statements to the Georgia Professional Standards Commission, the Department of Family and Children Services for the State of Georgia, and/or the Fulton County School District investigator.  All in all, at least 35 individuals witnessed or knew of Pickens abuse of disabled children in two school settings over a four year period, and of all the disabled children Pickens so viciously abused, Jake was the one Pickens abused the most, according to all witnesses to the abuse.

## II.      JUDICIAL HISTORY AND FACTS

On February 24, 2011, Plaintiff, a disabled individual, filed suit in the

Superior Court of Fulton County, asserting Defendant Pickens kicked, hit, bit,

slapped, shoved, and pushed Plaintiff repeatedly over a three year period of time.

Complaint, ¶ ¶ 1, 13, attached as Exhibit 2 to Notice of Removal (Doc. 1).  It is

asserted Defendant Pickens also repeatedly pulled Plaintiff's hair, threw a camera

at his head, drug him, threw him into bus steps, and illegally restrained him.  *Id.*

Plaintiff asserts further that Defendant Pickens repeatedly rubbed her breasts and

buttocks in Plaintiff's face when he was a middle school child, deprived Plaintiff

of food, and secluded him alone in a room for hours at a time, confining Plaintiff to

a Rifton chair.[3]  *Id.* at ¶¶ 21, 24.  Defendant Pickens also called Plaintiff names,

such as "little sh_t," "sh_t," "little fu_ker," and "fu_ker."[4]  *Id.* at ¶ 17.

Defendants Merritt and Boyd conspired with and aided, abetted, and

contributed to Pickens severe and intolerable harm and physical and sexual abuse

of Plaintiff for three years.  Complaint, attached as Exhibit 2 to Notice of Removal

(Doc. 1), ¶¶ 59-68, 70-71, 73-75, 77-79.  Merritt and Boyd did not just fail to

report for three years the severe abuse, they prevented others from reporting the

abuse so it could and did in fact continue.  *Id.* at ¶ 60.  Merritt and Boyd lied to

---

[3] Although the allegations of abuse in this case are horrific and shocking, they can and will be proved beyond any
doubt based upon the testimony of over ten individuals who witnessed and reported the tortuous actions of Pickens.
[4] The letters omitted are i, i, c, c, respectively.

educators, telling them the issue of abuse was being addressed, when in fact the issues were not being addressed but instead were being allowed and sanctioned. *Id.* Merritt and Boyd knew about, aided, and abetted the abuse and took deliberate acts to allow it to continue. *Id.* at ¶ 63. Merritt and Boyd also intentionally withheld the truth from Plaintiff's parents about Pickens' harm and abuse to Plaintiff. *Id.* at ¶¶ 82-85.

Plaintiff asserts against Defendant Pickens state constitutional, statutory, and common law claims for her abuse and tortuous behavior, and against Pickens, Boyd, and Merritt claims for their breach of their state statutory and common law duties to Plaintiff and for their conspiracy to harm and abuse Plaintiff and to deprive him of his rights under the constitution and laws of the State of Georgia. *Id.* at ¶¶ 63-68, 70-71, 73-75, 77-79. All Defendants are also sued for their ongoing fraud under state law. *Id.* at ¶¶ 81-91.

On April 6, 2011, Defendant Pickens filed with this Court a Consent to Removal by Defendant Merritt on the alleged basis of federal question jurisdiction. *See* Notice of Removal (Doc. 1), Exhibit 1 (the consent to removal was dated April 5, 2011, but it does not appear Merritt ever filed the consent herself with the Court). On April 6, 2011, Defendant Pickens filed a Notice of Filing of Removal with the Fulton County Superior Court and filed as well that same day with this Court a procedurally flawed Notice of Removal. *See* Notice of Removal (Doc.1)

and Exhibit 4 thereto.  On April 12, 2011, after filing an answer, Defendant Merritt

untimely filed a motion to dismiss pursuant to Rule 12 (b) (6).  Plaintiff Jake

Marshall filed a motion to remand, with supporting brief attached, and a motion to

stay this matter on April 26, 2011.   He also filed a preliminary brief opposing

Merritt's untimely motion to dismiss.

    With this Court set to determine whether this matter should be remanded,

Defendant Pickens filed a motion for partial judgment on the pleadings, to which

Plaintiff herewith files this brief opposing said motion.

### III.    THE STANDARD UNDER F.R.P.C. 12 (c)

    "Judgment on the pleadings is appropriate only when the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *Moore v.*

*Liberty Nat'l Life Ins. Co.,* 267 F.3d 1209, 1213 (11th Cir. 2001) (internal marks

omitted).  Federal district courts have applied a "fairly restrictive standard in ruling

on motions for judgment on the pleadings." 5A CHARLES A. WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368

(1990).  When a motion for judgment on the pleadings is filed, the court "accept[s]

the facts in the complaint as true and view[s] them in the light most favorable to

the nonmoving party." *Horsely v. Feldt,* 304 F.3d 1125, 1131 (11th Cir. 2002).

Accordingly, a defendant's motion must be denied unless it appears "beyond

doubt" that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

## IV.   <u>LEGAL CITATION AND ARGUMENT</u>

Plaintiff has stated causes of action under Georgia law.

### A.  <u>Plaintiff's Claim for Physical Abuse Should Not Be Dismissed</u>

Defendant Pickens argues that there is no cognizable cause of action in Georgia for physical abuse. The Georgia Supreme Court, however, has directly upheld a jury verdict on the "tort for physical abuse." *Rimes v. Weathers,* 244 Ga. 875, 262 S.E.2d 145 (1979).

### B. <u>Plaintiff's Claim for Sexual Abuse Should Not Be Dismissed</u>

Defendant Pickens argues her sexual abuse of Plaintiff Jake Marshall does not give rise to a civil cause of action, and that even if there were a cause of action in Georgia for the tort of sexual abuse, her rubbing of her breasts and buttocks in Jake's face when he was a middle school student with disabilities is not sexual abuse. Such arguments are without merit.

First, Georgia courts do recognize the intentional tort of sexual abuse. *R.O.C. v. Estate of Bryant,* 279 Ga. App. 652, 632 S.E.2d 429 (2006) (While "the intentional tort of sexual abuse was contrary to the weight of the evidence" in

*R.O.C.,* the court did recognize the tort of sexual abuse.); *Thurmond v. Richmond Cty. Bd. of Educ.,* 207 Ga. App. 437, 428 S.E.2d 392, 396 (1993) (Although the school and teacher were not found liable for the "tort for a sexual battery" under the facts asserted in *Thurmond*, the court did recognize the tort.).

As explained by Pickens herself, "childhood sexual abuse" is defined in O.C.G.A. § 9-3-33.1, which explicitly allows a civil cause of action for the tort of childhood sexual abuse. *See* O.C.G.A. § 9-3-33.1 (b) ("Any civil action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced within five years of the date the plaintiff attains the age of majority."). Defendant Pickens' ignores the fact Section 9-3-33.1 explicitly grants a civil cause of action for sexual abuse. She also incredulously argues that a jury could not find her rubbing her breasts and buttocks in Jake Marshall's face when he was a middle school student sexual abuse.

Pursuant to O.C.G.A. § 9-3-33.1 (a), sexual abuse of a child is defined to include the definitions of many code sections, including but not limited to sections 16-6-4, 16-6-5, and 16-6-22.1, all of which are applicable to Pickens' sexual abuse of Jake. Pursuant to O.C.G.A. § 16-6-4 (a) (1), child molestation, which is by definition child abuse pursuant to Section 9-3-33.1, is defined to mean "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or

the person." Pickens rubbing of her breasts and buttocks in Jake's face as well as in other children's faces could very well be found by a jury to be immoral and indecent and done to arouse Pickens or Jake.  Sexual abuse of a child is also defined by statute as enticing a child for indecent purposes.  Pursuant to O.C.G.A. § 16-6-5, enticing a child for indecent purposes occurs when any person "solicits, entices, or takes a child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." Rubbing one's breasts and buttocks in the face of a middle school student is indecent, by anyone's standards and by Georgia statutory law, for sexual abuse of a child includes by statutory definition, sexual battery, which occurs when a person "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." O.C.G.A. § 16-6-22.1 (b).  "[T]he term 'intimate parts' means the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." O.C.G.A. § 16-6-22.1 (a).  Pickens clearly made contact with her intimate parts with the body of another person, acted indecently, and acted immorally, such that a jury could find Pickens and her accomplices guilty of the tort of sexual abuse.

## C.  Plaintiff's Claim for Deprivation Should Not Be Dismissed

Defendant Pickens argues that there is no cause of action for deprivation. However, Pickens and the other Defendants owed a duty of care to Jake, a child who has severe disabilities. "As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury." *Wallace v. Boys Club of Albany, Georgia, Inc.,* 211 Ga. App. 534, 535, 439 S.E.2d 746, 748 (1993).  In this case, it is alleged that Pickens confined and abandoned Jake, allowing him to defecate and spread his feces over his body and even ingest his own defecation.  It is also alleged Pickens confined and abandoned Jake to a chair in a room by himself for prolonged periods of time, week after week, for three years, depriving Jake of nutrition and other care.  This clearly breaches the duty of care Pickens owed to Jake, as she deprived him of supervision, safe supervision, use of a toilet, food, and drink.

## D. Plaintiff's Claims for Abandonment and Confinement Should Not Be Dismissed

Defendant Pickens does not suggest to this Court that Plaintiff's cause of action for false imprisonment should be dismissed.  Instead, she argues Plaintiff's pleadings of confinement and abandonment should be dismissed, asserting they are

duplicative of Plaintiff's claim for false imprisonment.  The Georgia courts, however, have recognized, in addition to the intentional tort of false imprisonment, the tort of negligent confinement.  *See Adams v. Carlisle,* 630 S.E.2d 529, 550 n66 (Ga. App. 2006); *Stewart v. Williams,* 243 Ga. 580, 255 S.E.2d 699 (1979).  The Georgia courts have also recognized the tort of abandonment, explicitly by doctors. *Kenney v. Piedmont Hospital,* 136 Ga. App. 660, 222 S.E.2d 162, 166 (1975) (Abandonment of a patient "is a tort.").

In addition, as stated above, Pickens and the other Defendants owed a duty of care to Jake, a child who, by Defendant Pickens' own admissions, has severe disabilities.  In this case, it is alleged that Pickens often confined and abandoned Jake, allowing him at least on one occasion to defecate and spread it over his body, put it in his eyes and ears, and actually ingest his own defecation.[5]  It is also alleged Pickens confined and abandoned Jake to a chair for prolonged periods of time, depriving him of food and hydration.  These actions clearly breach the duty of care Pickens owed to Jake, stating causes of action for abandonment and confinement.

---

[5] It will be proved by the testimony of at least seven individuals who observed the acts that Pickens abandoned and confined numerous other children and proved further by Pickens own notes, which were just recently obtained, that she also confined and abandoned one child, A.W., and he too defecated and had his defecation all over himself and surrounding areas.

### E.  Plaintiff's Claim for Child Cruelty Should Not Be Dismissed

The Georgia courts have recognized the intentional tort of cruelty to a child when the conduct against the child is wanton and malicious, even when the child sues his own parent.  *Wright v. Wright,* 85 Ga. App. 721, 70 S.E.2d 152, 156 (1952) (usually the family immunity doctrine would prevent such a cause of action against a parent, but given the tort is intentional, even a family member can be sued for the tort of child cruelty).  Under Georgia law, a child who is no longer a minor "can sue parents or persons in loco parentis for willful torts." *Clabough v. Clabough,* 176 Ga. App. 212, 335 S.E.2d 648, 652 (1985).   And, as stated above, cruelty to Jake by Pickens and the other Defendants also resulted in an intentional breach of their duty of care.

### F.  Defendants Owed Jake Marshall a Duty of Care

Defendant Pickens argues she did not owe Jake Marshall a duty of care even though Jake was placed in Pickens' care, Pickens was Jake's teacher, and Jake was a child with severe disabilities, who could not even communicate to his parents regarding the severe abuse he suffered for three years.[6] As set forth above, in the State of Georgia, "a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child

---

[6] As one educator witness stated to the Georgia Professional Standards Commission in a taped interview while describing the severe abuse, "They can't talk anyway, so who are they going to tell?"

from injury." *Wallace v. Boys Club of Albany, Georgia, Inc.,* 211 Ga. App. 534, 535, 439 S.E.2d 746, 748 (1993).  *See also Thurman v. Applebrook Country Dayschool, Inc.,* 278 Ga. 784, 604 S.E.2d 832 (2004); *Bull Street Church of Christ v. Jensen,* 233 Ga. App. 96, 504 S.E.2d 1 (1998).  *See also Thurmond v. Richmond Cty. Bd. of Educ.,* 207 Ga. App. 437, 428 S.E.2d 392, 396 (1993) (Although plaintiffs did not prove in that case the child's teacher breached her duty of care, the court did recognize the teacher owed the child a duty of care.).

## G. **Plaintiff's State Cause of Action for Cruel and Unusual Punishment Should Not Be Dismissed**

Defendant Pickens argues that based on dicta from the United States Supreme Court in *Ingraham v. Wright,* 430 U.S. 651 (1977) that Plaintiff Jake Marshall cannot recover under the State of Georgia's constitutional prohibition of cruel and unusual punishment.[7]  Such an argument misconstrues Georgia law. Pickens cites to *Mathis v. Berrien Cty. Sch. Dist.*, 190 Ga. App. 255, 378 S.E.2d 505 (1989), arguing that the Eighth Amendment to the United States Constitution does not apply to disciplinary paddling (called "corporal punishment"), yet missing totally the analysis of state law set forth in that case.  In *Mathis,* instead of disallowing a cause of action for cruel and unusual punishment by an educator

---

[7] This Court has yet to rule whether the case should be remanded or if not, what federal claims exist.  Should the Court find a cause of action for a violation of Jake's United States constitutional right to be free from cruel and unusual punishment has been asserted and exists, Plaintiff requests leave to amend his complaint.

under the Georgia Constitution, the Georgia Court of Appeals instead analyzed the facts to see if they rose to a level of cruel and unusual punishment, stating that while corporal punishment is allowed by state law, it cannot be excessive or severe as to be unlawful.  In *Mathis,* the court explained that the child did not indicate any signs of discomfort after being paddled four times and therefore concluded the treatment of the child was not severe.  *See also Maddox v. Boutwell,* 176 Ga. App. 492, 336 S.E.2d 599, 600 (1985) (In determining whether a paddling gave rise to a cause of action, the court stated:  "The key issue in this case, then, is whether the punishment administered to Stephen was in bad faith and was excessive and unduly severe.  If so, the punishment would be outside the established guidelines and, therefore, outside the scope of Boutwell's authority, rendering him liable."). Thus, in no way do the Georgia decisions involving corporal punishment negate Jake's state constitutional claim for cruel and unusual punishment.  In fact, quite to the contrary, they support Jake's state constitutional claim, as Pickens hit, slapped, pushed, shoved, threw objects at, and "jacked up" Jake.  She pushed him into the wall, pushed him down on the bus steps and floor and hallway, hit him in the head with a camera so violently it caused significant swelling, and actually broke his hand.  She cursed him, screamed at him, called him horrible names, tied him to chairs for hours at a time, deprived him of food, and forced him to witness her abuse of other children.

Pursuant to the Constitution of the State of Georgia, Art. I, Sec. I, Par. XVII, entitled "Bail; fines; punishment; arrest, abuse of prisoners," "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison." Thus, in Georgia, freedom from cruel and unusual punishments is not limited to prisoners or those arrested, as there is a separate protection for that class of individuals.

In *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 365 S.E.2d 827 (1988), the Georgia Supreme Court explained that the excessive fines clause of Art. I, Sec. I, Par. XVII of the Georgia Constitution applied not just to criminal cases but also to civil cases. In so holding, the court adopted the position of the dissent in *Ingraham v. Wright,* 430 U.S 651 (1977), which disagreed with the holding that the United States constitution prohibition of cruel and unusual punishment did not prevent excessive corporal punishment. The Georgia Supreme Court, in adopting the dissent in *Ingraham* established that the Georgia Constitution's prohibition against cruel and unusual punishment did not just apply just to those convicted of crimes:

> Justice White writing for the dissent in *Ingraham* stated, "[t]he Court would have us believe ... that there is a recognized distinction between criminal and noncriminal punishment for purposes of the Eighth Amendment. This is plainly wrong." Id., 686. Justice White cited *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) (plurality opinion), for the appropriate test: "The relevant inquiry is not whether the offenses for which a punishment is inflicted has been labeled as criminal, but whether the purpose of the

deprivation is among those ordinarily associated with punishment, such as retribution, rehabilitation, or deterrence." *Ingraham*, supra, 430 U.S. at 686-87, 97 S.Ct. at 1420-1421 (White, J., dissenting). . . .

"[T]he constitutional prohibition is against cruel and unusual punishments; nowhere is that prohibition limited or modified by the language of the Constitution." *Ingraham*, 430 U.S. at 685, 97 S.Ct. at 1420 (White, J., dissenting.) (Emphasis in original.) In comparing the Eighth Amendment with other Amendments of the United States Constitution, we note that the others include limitations. The Fifth Amendment provides, "No person shall be held to answer to a capital, or otherwise infamous crime ... nor shall he be compelled in any criminal case to be a witness against himself...." The Sixth Amendment states, "In all criminal prosecutions...." In light of the fact that the Eighth Amendment was placed between the Seventh Amendment which provides for trial by jury in civil cases and the Ninth Amendment which is a reservation of rights of the people, the absence of any language limiting the Eighth Amendment to criminal cases is especially noticeable.  The Georgia Constitution was patterned after the United States Constitution.

Id. at 830 and 836 n. 3.

Thus, contrary to Defendant Pickens' assertion that she cannot be held liable under the Georgia Constitution for cruel and unusual punishment of Jake Marshall for three years because Jake was not convicted of a crime, she legally can and should be.

## H. Plaintiff's State Cause of Action for Denial of Equal Protection Should Not Be Dismissed

Pursuant to the Georgia Constitution, Art. I, Sec. I, Par. II, "[n]o person shall be denied the equal protection of the laws." Pickens argues to this Court that she cannot be found liable under the Georgia Constitution for denial of Jake's equal

protection of the laws based upon a United States Supreme Court ruling wherein the United States Constitution was applied in an employment situation.  Clearly, such a ruling is inapposite to the facts of this case and do not apply to state law. Likewise, cases holding that a student expelled from graduate school for failing two exams or a student suspended for making improper remarks about the death of a Hispanic student do not bar Jake's state cause of action for denial of his right to equal protection of the laws from being abused and tormented, along with his classmates, because he is disabled.

Pickens argues that her alleged decisions regarding the manner in which to supervise and discipline Jake and other disabled students were the types of subjective and individualized assessments requiring discretion.  Such is an insulting argument on its face.  Pickens abused, sexually, physically, mentally, and emotionally, Jake for three years because he was disabled.  She hit him, slapped him, kicked him, pushed him, shoved him down, "jacked him up," cursed him, screamed at him, called him names, deprived him of food, abandoned him, illegally restrained him, tied him to a chair, and went looking for him to upset and harm him.  She also did other criminal and tortuous acts to him because he was disabled and he could not go home and tell his adoptive parents.  Such is not, as argued by Pickens, "precisely the type of subjective and individualized

assessments requiring the exercise of discretion." Such is tortuous, unconscionable, and unconstitutional behavior under the laws of the State of Georgia.

## I.  **Plaintiff's State Cause of Action for Fraud Should Not Be Dismissed**

Pickens argues that Jake's state fraud claims should be dismissed based upon federal law.  Such is not legally appropriate, for even though Georgia does have a heightened pleading standard for fraud, it does not comport with that set forth by the federal courts.  Pickens also argues that Plaintiff failed to allege what statements were fraudulent and what actions Pickens sought to induce.  This is not correct.  In paragraph 81 of his Complaint, Jake explains that "Pickens intentionally falsely represented how Jake was treated by Pickens to Jake's parents and others." Jake further asserts that Pickens, along with all other Defendants, "withheld that Pickens had abused other children with disabilities, including ones in Jake's class." Complaint, ¶ 82.  Other specific omissions withheld were also pled, including the fact that "[a]ll defendants herein wrongfully withheld from Jake's parents and others that Pickens did not undergo anger management training as required and that she even was mandated to do so." *Id.* at  ¶ 83.  Jake specifically pled that "[a]ll defendants herein withheld the constant and repeated reports of malicious, willful, intentional abuse, harm, and deprivation by Pickens of Jake and took efforts to ensure no one else reported this severe, ongoing abuse, harm, and deprivation to Jake's parents, administrators, the Department of Family

17

and Children Services, or any other state agencies with jurisdiction." This undeniably sets forth the fraud by statements and omissions.

In addition, Jake did in fact state what actions Pickens and the other Defendants sought to induce. In paragraph 90, Jake explains as follows: "All defendants herein intentionally, knowingly, and with malice misrepresented how Pickens treated Jake to his parents and others and intentionally, knowingly, and with malice wrongfully omitted the abuse, harm, deprivation and other unlawful acts of Pickens to Jake, and they did so to induce Jake's parents and others to rely upon this fraud, which they justifiably did, resulting in extensive damage and harm to Jake." Jake also asserted in paragraph 91 as follows: "Defendants' fraud to willfully, intentionally, and maliciously physically and sexually abuse, deprive, violate, harm, and discriminate against Jake in violation of the law and his rights caused Jake harm, and he is entitled to recover all damages allowed by law, including but not limited to punitive damages."

This more than meets the federal test of pleadings, and Plaintiff only had to meet the state standard, which he clearly did. Jake's cause of action for fraud should not be dismissed.

Even if this Court found that his claim was not pled with particularity, Jake should be allowed leave to file an amended complaint, especially given he filed his suit in state court, not federal court.

## V.    CONCLUSION

Plaintiff requests this case be remanded to the Fulton County Superior Court for it to rule upon Defendant Pickens' motion for partial judgment on the pleadings.  Alternatively, Plaintiff Jake Marshall respectfully asks Defendant Pickens' motion be denied.

## VI.    CERTIFICATION

Pursuant to Local Rule 7.1 (D), the undersigned hereby certifies that the within and foregoing Brief was prepared with Times New Roman 14-point font, as permitted by Local Rule 5.1 (C).

This the 1st day of August 2011.

 /s/ Chris E. Vance
Chris E. Vance
Ga. Bar No. 724199

Counsel for Plaintiff


**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel:  (404) 320-6672
Fax: (404) 320-3412

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing **Plaintiffs' Brief** has been served electronically upon counsel for all Defendants.

This 1st day of August 2011.

                                     /s/  Chris E. Vance

                                   Chris E. Vance

                                   Ga. Bar No. 724199

                                   Counsel for Plaintiff

**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel:  (404) 320-6672
Fax: (404) 320-3412