IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL, | ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO.:  1:11-cv-01110-JEC |
| | ) | |
| MELANIE PICKENS, PAULA MERRITT, and FRANCES BOYD, | ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW Plaintiff Jake Marshall and pursuant to Rule 26 (a) (1) of the Rules of Civil Procedure and Rule 26.1 of the Local Rules for the United States District Court for the Northern District of Georgia and file Plaintiff's Initial Disclosures, stating as follows:

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendants did or failed to do, and a succinct statement of the legal issues in the case. Plaintiff, who has significant disabilities, filed this action against Defendant Pickens, who violently, sexually, physically, and emotionally abused and harmed Plaintiff repeatedly, day after day, for three years when he attended Hopewell

Middle School ("Hopewell").  Plaintiff seeks recovery for his damages against Pickens for her intentional tortuous acts against him as well as her violation of his Georgia constitutional rights and rights to be free from discrimination based upon disability as set forth in the verified complaint.  Plaintiff has filed suit against Defendant Boyd, the principal at Hopewell during the relevant time, and Defendant Merritt, the instructional support teacher for most of the time Jake attended Hopewell.  Plaintiff asserts Defendants Boyd and Merritt acted in concert and took actions and inactions with Pickens to aid and assist Pickens severely and repeatedly harming Plaintiff.  Defendants Boyd and Merritt not only did not report the abuse and severe harm to Plaintiff, they ensured others did not report it, covered it up, hid it, intimidated others so they would not report Pickens, lied to others so the harm would not be prevented and would continue, and took other such improper acts to ensure Plaintiff was severely harmed and that this severe harm continued for three years.  A succinct statement of the legal issue in this matter is whether defendants are liable to plaintiff for their tortuous acts, their violations of his state constitutional rights, and discrimination based upon disability and if so, in what amount.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.  In this case, Defendants are liable to Plaintiff Jake

2

Marshall for their tortuous acts, their complicity in harming Jake and allowing the harm to continue for three years, and their violation of Jake's constitutional rights and right to be free from discrimination based upon disability.  Below is a list of applicable law:

a) O.C.G.A. § 51-1-1 – "A tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied. A tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual."

b) O.C.G.A § 51-1-13 – "A physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law. However, intention shall be considered in the assessment of damages."

c) O.C.G.A. § 51-1-14 – "Any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered."

The relevant statutory, regulatory, and case law includes the provisions of the IDEA as well as the federal regulations implementing the IDEA.  Those statutory and regulatory citations as well as relevant case law are contained in Plaintiffs' proposed findings of fact and conclusions of law filed in the administrative forum and which is a part of the record before the district court and is incorporated herein by reference.  The FCSD has already been properly with said pleadings.

d) O.C.G.A. § 51-6-1 – "Fraud, accompanied by damage to the party defrauded, always gives a right of action to the injured party."

e) O.C.G.A. § 51-6-2 (a) and (b)– "Willful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, will give him a right of action. Mere concealment of a material fact, unless done in such a manner as to deceive and mislead, will not support an action.  In all cases of deceit, knowledge of the falsehood constitutes an essential element of the tort. A fraudulent or reckless representation of facts as true when they are not, if intended to deceive, is equivalent to a knowledge of their falsehood even if the party making the representation does not know that such facts are false."

f) O.C.G.A. § 51-6-4 (a) – "A fraud may be committed by acts as well as words."

g) O.C.G.A. § 51-7-20 – "False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty."

h) O.C.G.A. § 51-12-30 - "In all cases, a person who maliciously procures an injury to be done to another, whether an actionable wrong or a breach of contract, is a joint wrongdoer and may be subject to an action either alone or jointly with the person who actually committed the injury."

i) Ga. Const., Art. I, Sec. I, Par. I -  "Life, liberty, and property.  No person shall be deprived of life, liberty, or property except by due process of law."

j) Ga. Const., Art. I, Sec. I, Par. II – "Protection to person and property; equal protection.  Protection to person and property is the paramount duty of government and shall be impartial and complete.  No person shall be denied the equal protection of the laws."

k) Ga. Const., Art. I, Sec. I, Par. XVII – "Bail; fines; punishment; arrest, abuse of prisoners.  Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison."

l) Ga. Const. Art. I, Sec. II, Par. IX (d) -"[A]ll officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions."

m) *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 365 S.E.2d 827 (1988) - the Georgia Supreme Court explained that the excessive fines clause of Art. I, Sec. I, Par. XVII of the Georgia Constitution applied not just to criminal cases but also to civil cases.  In so holding, the court adopted the position of the dissent in *Ingraham v. Wright,* 430 U.S 651 (1977), which disagreed with the holding that the United

States constitutional prohibition of cruel and unusual punishment did not prevent excessive corporal punishment.

n) *Wallace v. Boys Club of Albany, Georgia, Inc.,* 211 Ga. App. 534, 535, 439 S.E.2d 746, 748 (1993) - "As a general rule, a person who undertakes the control and supervision of a child, even without compensation, has the duty to use reasonable care to protect the child from injury."

o) *Holloway v. Dougherty Cty. Sch. System,* 157 Ga. App. 251, 277 S.E.2d 251 (2007) - When a plaintiff alleges that a state officer or agent acted willfully and intentionally, a motion to dismiss must be denied.

p) *Nichols v. Prather,* 286 Ga. App. 889, 896, 650 S.E.2d 380 (2007) - A public officer or employee may be liable "for ministerial acts negligently performed or acts performed with malice or intent to injure."

q) *Moreland v. Poss,* 171 Ga. App. 733, 320 S.E.2d 841 (1984), citing *Johnson v. Duffy,* 588 F.2d 740, 743-744 (9th Cir. 1978) - The requisite causal connection of the deprivation of one's constitutional rights "'can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"

r) *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir. 2003), citing *Braddy v. Florida Dep't of Labor & Employment Sec.,* 133 F.3d 797, 802 (11th Cir. 1998) - It is well

established that a supervisory official is not immune when she "personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation."

s) *Morton v. Wallace,* 177 Ga. 856, 171 S.E. 720 (1933) - "Fraud may be actual or constructive.  Actual fraud consists of any kind of artifice by which another is deceived.  Constructive fraud consists of any act or omission or commission contrary to legal or equitable duty, trust or confidence just reposed, which is contrary to good conscience and operates to the injury of another."

t) *Skelton v. Skelton,* 251 Ga. 631, 308 S.E.2d 838, 841 (1983) - When a motion to dismiss alleging a plaintiff failed to plead with particularity, including matters of fraud, "the proper remedy for seeking more particularity is by a motion for more definite statement."

u) *Smith v. Local Union 1863,* 260 Ga. App. 683, 580 S.E.2d 566, 570 (2003) - When a plaintiff fails to allege a matter required, defendant is "not entitled to dismissal, but to move for a more definite statement."

v) *Gilbert v. Richardson,* 264 Ga. 744, 452 S.E.2d 476, 481 (1994) - In Georgia, "official or qualified immunity offers limited protection from suit to governmental officers and employees." A public officer or employee may not only be liable for

acts that are willful and wanton, but also for acts that "are outside the scope of h[er] authority."

w) *Hawkinsville v. Wilson & Wilson, Inc.,* 231 Ga. 110, 200 S.E.2d 262, 264 (1973) - Government employees "shall be personally liable to one who sustains special damages as the result of any official act of such officers, if done oppressively, maliciously, corruptly, or without authority of law." "Malice may consist in personal spite or in general disregard of the right consideration of mankind, directed by chance against the individual injured." "[O]ne who procures or assists in the commission of an actionable wrong is equally liable with the actual perpetrator for the damages."

x) *White v. Shamrock Bldg. Systems, Inc.,* 294 Ga. App. 340, 349 n.23, 669 S.E.2d 168, 176 n.23 (2008) - "The word 'procure[,]' as used in OCGA § 51-12-30, does not require the lending of assistance in the actual perpetration of the wrong done by another; but if one, acting only through advice, counsel, persuasion, or command, succeeds in procuring any person to commit an actionable wrong, the procurer becomes liable for the injury, either singly or jointly, with the actual perpetrator."

y)  *U.S. Anchor Mfg. v. Rule Indus.,* 264 Ga. 295, 297, 443 S.E.2d 833 (1994) (citation omitted) - "A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means."

z) *Hyperdynamics Corp. v. Southridge Capital Management,* 305 Ga. App. 283, 699 S.E.2d 456, 466 (2010) – "To show conspiracy, it is not necessary to prove an express compact or agreement to the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or by writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design. *Nottingham v. Wrigley,* 221 Ga. 386, 388, 144 S.E.2d 749 (1965). See also *Dee v. Sweet,* 218 Ga.App. 18, 22(4), 460 S.E.2d 110 (1995); *Hodges-Ward Assoc. v. Ecclestone,* 156 Ga.App. 59, 62(1), 273 S.E.2d 872 (1980); *Grainger v. Jackson,* 122 Ga.App. 123, 128(2), 176 S.E.2d 279 (1970)."

aa) *Gordon v. Frost*, 193 Ga. App. 517, 388 S.E.2d 362, 365 (1989) (citation and quotation omitted) – "The tort of intentional infliction of emotional distress is recognized in this state, where the defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass, or frighten the plaintiff. . . . Comment f, § 46 (1) of the Restatement (Second) states that the extreme conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress by reason of some physical or mental condition or peculiarity. The conduct may become heartless, flagrant, and outrageous when the actor

proceeds in the face of such knowledge, where it would not be so if he did not know.  Moreover, the existence of a special relationship . . . in which one person has control over another, . . .  may produce a character of outrageousness that otherwise might not exist."

bb) O.C.G.A. § 51-1-6 - "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby."

cc) O.C.G.A. § 16-5-70 - A person supervising the welfare of a child cannot allow cruelty or deprivation to a child.

dd) O.C.G.A. § 16-5-72 - A person supervising the welfare of a child cannot allow the reckless abandonment of that child.

ee) *Rimes v. Weathers,* 244 Ga. 875, 262 S.E.2d 145 (1979) - The Georgia Supreme Court has directly upheld a jury verdict on the "tort for physical abuse."

ff) *R.O.C. v. Estate of Bryant,* 279 Ga. App. 652, 632 S.E.2d 429 (2006) - Georgia courts recognize the intentional tort of sexual abuse.

gg) O.C.G.A. § 9-3-33.1 (b) - "Any civil action for recovery of damages suffered as a result of childhood sexual abuse shall be commenced within five years of the date the plaintiff attains the age of majority."

hh) O.C.G.A. § 16-6-4 (a) (1) - Child molestation means "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

ii) O.C.G.A. § 16-6-5 - Enticing a child for indecent purposes occurs when any person "solicits, entices, or takes a child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts."

jj) O.C.G.A. § 16-6-22.1 (b) - "[T]he term 'intimate parts' means the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female."

kk) *Adams v. Carlisle,* 630 S.E.2d 529, 550 n66 (Ga. App. 2006); *Stewart v. Williams,* 243 Ga. 580, 255 S.E.2d 699 (1979) - The Georgia courts have recognized, in addition to the intentional tort of false imprisonment, the tort of negligent confinement.

ll) *Kenney v. Piedmont Hospital,* 136 Ga. App. 660, 222 S.E.2d 162, 166 (1975) - The Georgia courts have also recognized the tort of abandonment.

mm) *Wright v. Wright,* 85 Ga. App. 721, 70 S.E.2d 152, 156 (1952) - The Georgia courts have recognized the intentional tort of cruelty to a child when the conduct against the child is wanton and malicious, even when the child sues his own parent. Usually the family immunity doctrine would prevent such a cause of action against

a parent, but given the tort is intentional, even a family member can be sued for the tort of child cruelty.

nn) *Clabough v. Clabough,* 176 Ga. App. 212, 335 S.E.2d 648, 652 (1985) - Under Georgia law, a child who is no longer a minor "can sue parents or persons in loco parentis for willful torts."

oo) *Thurmond v. Richmond Cty. Bd. of Educ.,* 207 Ga. App. 437, 428 S.E.2d 392, 396 (1993) – The court recognized an educator owes a student a duty of care.

pp) *Maddox v. Boutwell,* 176 Ga. App. 492, 336 S.E.2d 599, 600 (1985) - In determining whether a paddling gave rise to a cause of action, the court stated: "The key issue in this case, then, is whether the punishment administered to Stephen was in bad faith and was excessive and unduly severe.  If so, the punishment would be outside the established guidelines and, therefore, outside the scope of Boutwell's authority, rendering him liable."

qq) Georgia Department of Education Rule 160-4-8-.04 – Child Abuse and Neglect Reporting.

rr) Georgia Professional Standards Commission Code of Ethics for Educators, Standards 2, 5, and 9.

ss) 42 U.S.A. § 12132 - "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination

by any such entity."

tt) 42 U.S.C. § 12203 (a) - "No person shall discriminate against any individual

because such individual has opposed any act or practice made unlawful by this

chapter or because such individual made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this

chapter." It shall be unlawful to coerce, intimidate, threaten, or interfere with any

individual in the exercise or enjoyment of, or on account of his or her having

exercised or enjoyed, or on account of his or her having aided or encouraged any

other individual in the exercise or enjoyment of, any right granted or protected by

this chapter."

uu) 29 U.S.C. § 794 - "No otherwise qualified individual with a disability in the

United States, as defined in section 705 (20) of this title, shall, solely by reason of

her or his disability, be excluded from the participation in, be denied the benefits

of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance or under any program or activity conducted by any

Executive agency or by the United States Postal Service."

        (3) Provide the name and, if known, the address and telephone number of

each individual likely to have discoverable information that you may use to

support your claims or defenses, unless solely for impeachment, identifying the

subjects of the information. (Attach witness list to Initial Disclosures as Attachment A).

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26 (a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B).

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C).

(6) In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

(7) Attach for inspection and copying as required under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.) Defendants should have such a policy, and Plaintiff explicitly requests it be provided to him.  Plaintiff does not have any such policies.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest. No persons or legal entities have a subrogation interest in Plaintiff's cause of action.

This 5th day of March 2012.

/s/ Chris E. Vance
Chris E. Vance
Ga. Bar No. 724199
Counsel for Plaintiff

**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel:  (404) 320-6672
Fax: (404) 320-3412

**ATTACHMENT A**

**INDIVIDUALS LIKELY TO**
**HAVE DISCOVERABLE INFORMATION**

1)   Fulton County School District, 786 Cleveland Avenue, SW, Atlanta, GA 30315, 404-768-3600 – Custodian of Records – Knows about and has records and documents of abuse of Jake and others, of Boyd's knowledge, of Merritt's knowledge, of statements given, telephone numbers and addresses of the witnesses, and of its investigation of some of the abuse.

2)   CINDY KANNER - 786 Cleveland Avenue, SW, Atlanta, GA 30315, 404-768-3600 – knows of the investigation, the report, and it is believed the altered reports, Pickens' personnel file, and other personnel matters.

3)   RON WADE - 786 Cleveland Avenue, SW, Atlanta, GA 30315, 404-768-3600 – knows of the investigation, the report, and it is believed the altered reports, Pickens' personnel file, and other personnel matters.

4)   Business Decisions Information, Inc. ("BDI"), 1000 S. Pioneer Drive, Smyrna, Georgia 30082, 404-794-0600 - Custodian of Records, knows about the investigation of some of the abuse of Jake, the statements, and the documents.

5)   JOE UMBARGER – only business address known - 1000 S. Pioneer Drive, Smyrna, Georgia 30082, 404-794-0600 - knows of the investigation he conducted about some of the abuse by Pickens of Jake, statements made by all defendants, the facts regarding the investigation.

6)   Georgia Professional Standards Commission ("PSC"), Two Peachtree Street, SW, Suite 6000, Atlanta, GA 30303, 404-232-2500 – Knows of the charges against Boyd and Pickens, the investigations, their loss of licensure, and documents and tapes involving investigation.

7)   JUDY FRANKLIN – only business address is known - Georgia Professional Standards Commission, Two Peachtree Street, SW, Suite 6000, Atlanta, GA 30303, 404-232-2500 – Ms. Franklin was the investigator who investigated the abuse by Pickens and unethical behavior of Pickens and Boyd and of documents held by the GPS.

8)   SUSAN TALLANT – 3555 Spot Road, Cumming, Georgia  30040, 770-889-9896 – knows about the abuse by Pickens, her reporting of the abuse, what White and Merritt said to Tallant and to Boyd when Tallant insisted the abuse and harm be reported.

9)   TERRI GOODMAN – only business address known – Lake Windward Elementary School, 11770 E. Fox Court, Alpharetta, GA  30005, 770-740-7050 – Ms. Goodman knows about some of the abuse and harm of Jake and other students by Pickens and that the educators knew and her conversations with Boyd about the abuse as well as her conversations with others about the abuse.

10)   DOROTHY PETTES – Fulton County Schools, 554 Parkway Drive, GA 30354, 404-763-5600 – knows of the abuse and harm by Pickens for 5 years, her actions in this regard, defendants failure to prevent the harm and abuse, their actions in allowing the harm and abuse to continue, their inactions, their improper actions and inactions – has given statements regarding all three defendants.

11)   JUDY MARSHALL, 145 Rogers Street, Clayton, Georgia  30525, 706-782-5990 – knows of the harm and damage to her son, the investigation, how information was withheld from her, how Pickens and Boyd lied to her about Pickens hitting Jake in the head (saying it was only tapping), how she was never told of the abuse and harm, how it was covered up, what the other witnesses have said, the PSC investigations, the Umbarger/BDI investigation, the alteration of reports, and the facts asserted in the verified complaint and other pleadings filed by Plaintiff

12)   LISA WILLIAMS – 16300 New Bullpen Road, Alpharetta, Georgia 30004, 770-740-1666 – knows of the severe harm to her son from Pickens' actions, knows of the witnesses to the harm, knows of the statements given by the witnesses, knows of the testimony given by many witnesses, knows of the investigation of the abuse, knows how Boyd and Merritt never told her of the abuse of her son by Pickens, knows of the facts as Ms. Marshall.

13)   FRANKA PERSADI – 127 Roswell Commons Way, Roswell, Georgia 30076, 678-528-7987 - knows of not being told about her daughter being abused, was not told by Boyd or Merritt about her daughter having Lysol

sprayed on her, not told of all the abuse.  Knows of the harm to her daughter by the abuse and harm and defendants' actions.

14)   RONALD HATCHER, 590 Oxbo Road, Roswell, Georgia  30075, 770-992-0678 – knows that the Defendants did not tell him and his wife of the abuse and harm by Pickens of his son and how they hid it, even after he found his son alone in a room.  He knows of the fraud by Defendants.  He knows of the severe harm to his son.

15)   SHAYNE LEE – 11600 Vista Forest Drive, Alpharetta, Georgia  30005, 770-667-5184 -  knows that the Defendants did not tell her of the abuse and harm by Pickens and knows how unhappy her son was at Hopewell, how she talked to Defendants and was never told why her son was always upset at school, knows of the fraud by Defendants.  He knows of the severe harm to Garrett because of the abuse and harm Garrett suffered for three years.

16)   DENISE BAUGH – only work address is known - Alpharetta High School, 3595 Webb Bridge Road, Alpharetta, GA  30005, 770-521-7640 – Baugh knows of abuse by Pickens and Merritt's and Boyd's knowledge of the abuse and their actions regarding the known abuse.  Knows of her statements given.

17)   CINDY EITMANN  - only business address is known – Hopewell Middle School, 13060 Cogburn Road, Milton, Georgia  30004, 678-297-3240 – knows of the abuse and harm by Pickens and the actions by Merritt and Boyd in regard to the known abuse and harm by Pickens.  Knows of her statements given.

18)   YASALAND KING - only work address is known - Alpharetta High School, 3595 Webb Bridge Road, Alpharetta, GA  30005, 770-521-7640 – Baugh knows of abuse by Pickens and Merritt's and Boyd's knowledge of the abuse and their actions regarding the known abuse.  Knows of her statements given.

19)   PATRICIA LaBLANC - only business address is known – Hopewell Middle School, 13060 Cogburn Road, Milton, Georgia  30004, 678-297-3240 – knows of the abuse and harm by Pickens and the actions by Merritt and Boyd in regard to the known abuse and harm by Pickens and continuing the abuse and harm.  Knows of her statements given.

20)     JUDY MASSEY – 5225 Jonathans Way, Cumming, Georgia  30040 –
        knows of the abuse by Pickens and how Merritt and Boyd knew, the
        intimidation against those who reported the abuse, the fraud by
        defendants in hiding and continuing the abuse.  Knows of her statements
        given.

21)     AMANDA MATHIS GROVER - only business address is known –
        Hopewell Middle School, 13060 Cogburn Road, Milton, Georgia  30004,
        678-297-3240 – knows of the abuse and harm by Pickens and the actions
        by Merritt and Boyd in regard to the known abuse and harm by Pickens
        and how they acted improperly to allow and continue the abuse and
        harm.  Knows of her statements given.

22)     PAULA MERRITT, 315 Westbridge Lane, Canton, Georgia  30114, 770-
        720-3176 – knows of her statements, emails, communications, and
        documents regarding the abuse, knows of the abuse and harm by Pickens,
        her actions, Boyd's actions, Pickens' actions, how the abuse and harm
        was covered up and hidden by all defendants, her failure to report the
        abuse, her refusal to comply with the law and ethical requirements as an
        educator, her refusal to put in writing the abuse, her conversations with
        others about the abuse, her actions and inactions.

23)     MELANIE PICKENS – 9165 Nesbit Ferry Road, Lot 36, Alpharetta,
        Georgia  30022, phone number unknown – she knows how she abused
        and harmed Jake for 3 years, how she abused and harmed other students
        for 5 years, how she intimidated and bullied others from reporting her.

24)     JUDY REDDICK - only business address is known – Hopewell Middle
        School, 13060 Cogburn Road, Milton, Georgia  30004, 678-297-3240 –
        knows of the abuse and harm by Pickens and the actions by Merritt and
        Boyd in regard to the known abuse and harm by Pickens and how they
        acted improperly to allow and continue the abuse and harm, knows of her
        report in 2004 of Pickens slapping Jake upside the head and calling him
        vulgar names, knows of how she was removed from the school after she
        reported the abuse and harm, knows of how Pickens was told by Boyd of
        the report and how Pickens treated her thereafter.  Knows of her
        statements.

25)   STEPHANIE SOSEBEE – only business address known - Hopewell
      Middle School, 13060 Cogburn Road, Milton, Georgia  30004, 678-297-
      3240 – is a friend of Pickens and knows of the abuse and harm by
      Pickens and the actions by Merritt and Boyd in regard to the known
      abuse and harm by Pickens.  Knows her statements given to
      BDI/Umbarger and the PSC.  Knows how she intimidated and harassed
      Tallant for reporting the abuse and harm.

26)   STEPHANIE SCHUETTE - only business address known – Lake
      Windward Elementary School, 11770 E. Fox Court, Alpharetta, GA
      30005, 770-740-7050 –knows about some of the abuse and harm of Jake
      and other students by Pickens and that the educators knew and her
      conversations with Boyd about the abuse as well as her conversations
      with others about the abuse.

27)   NANCY WADEL – only business address known – Elkins Pointe Middle
      School, 11290 Elkins Road, Roswell GA  30076, 770-667-2892 – knows
      that Pettes told her of the abuse, knows of Boyd's statements after Tallant
      reported the May 2007 incident with Jake having feces all over himself,
      knows how Boyd tried to cover it up once again.

28)   STACEY WHITE – 430 Hunters Crossing Drive, Atlanta, Georgia
      30328, 770-804-0054 – knows of the abuse by Pickens, Boyd's and
      Merritt's complicity and their refusal to take proper actions, knows of
      their sanctioning the abuse and harm, knows of her statements, which
      have been recorded, to the PSC and Umbarger.

29)   SHARON BUTLER – address and phone numbers unknown – Butler is
      an employee of the Fulton County School District who knows that
      Pickens had been reported to abuse her students the entire time Pickens
      was in the school district.  Knows she was brought in to try to help
      Pickens with her students at two different schools.  Knows that Pickens
      did not want help.  Knows she had not been involved due to coordinator
      actions.  Knows continued reports of abuse were received.

## **ATTACHMENT B**

## **EXPERT WITNESSES**

At this time, Plaintiff has not designated any expert witnesses in this case. After discovery, the need may arise for expert testimony, and if so, at such time, any necessary expert witnesses will be identified.

**ATTACHMENT C**

**PLAINTIFF'S LIST OF DOCUMENTS
THAT MAY BE USED TO SUPPORT HIS CLAIMS**

1.  The Umbarger/BDI investigation, statements, and audio tapes provided to Plaintiff's mother – this investigation, the statements, and the audio tapes outline some of Pickens' abuse and harm of Jake, the reporting of the abuse and harm to Merritt and Boyd, the actions and inactions of Merritt and Boyd so as to allow the abuse and harm and sanction it so it could continue.

2.  The Georgia PSC investigations, reports, documents, pleadings, and audio tapes provided to Jake's mother – the investigations into Boyd and Pickens by the PSC contain the investigative reports, the statements, documents, and the audio tapes and outline some of Pickens' abuse and harm of Jake, the reporting of the abuse and harm to Merritt and Boyd, the actions and inactions of Merritt and Boyd to allow the abuse and harm and sanction it so it could continue.

3.  Letter from Judy Reddick to Paula Merritt, dated November 16, 2004, discussing some of the abuse and harm by Pickens of Jake and other students

4.  Letter from Boyd to Pickens, dated December 2, 2004, reporting only some of the abuse and harm by Pickens

5.  The Georgia Professional Standards Commission Code of Ethics for Educators during the relevant time periods, proving all defendants violated their ethical obligations.

6.  The Georgia Department of Education Rule 160-4-8-.04, indicating the ongoing abuse of Jake should have been reported to the superintendent.

7.  Letters of Conservatorship and Guardianship for Judy Marshall of Jake Marshall

8.  Photos of Jake Marshall

9.  Photos of Other Abused Students

10. Email from Boyd to Judy Tinsley, dated May 22, 2007 re ReferalMasterForm0607, indicating Boyd had talked to Pickens numerous times about the abuse and harm of Jake.

11. Letter from Pickens to Whom It May Concern, dated November 19, 2004, indicating she did in fact hit Jake.

12. List of People to Contact for References, prepared by Pickens, listing as one reference a parent who will testify she now knows Pickens abused her child.

## <u>ATTACHMENT D</u>

## <u>COSTS AND DAMAGES</u>

1. Plaintiff is entitled to recover general damages in an amount to be determined by the jury.
2. Plaintiff is entitled to recover special damages flowing from the tortuous acts committed by defendants, the amount to be determined by the jury.
3. Plaintiff is entitled to recover punitive damages in an amount to be determined by a jury.
4. Plaintiff asserts he should recover $10,000,000 from defendants for their wrongful acts.
5. Plaintiff is entitled to recover his fees and costs.
6. The documents listed in Exhibit C hereto support the damages and costs listed above.  They show how severely Jake was abused and harmed and how the defendants were all complicit in the harm and injury to Jake.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the foregoing

Plaintiff's Initial Disclosures by serving Defendants' counsel.


This 5th day of March 2012.


/s/ *Chris E. Vance*
Chris E. Vance
Ga. Bar No. 724199

Attorney for Plaintiff


**CHRIS E. VANCE, P.C.**
2415 Oak Grove Valley Road, N.E.
Suite 100
Atlanta, GA 30345
Tel:  (404) 320-6672
Fax: (404) 320-3412