IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL,<br><br>  Plaintiff,<br><br>v.<br><br>MELANIE PICKENS, PAULA MERRITT, and FRANCES BOYD,<br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:11-CV-01110-JEC |

## DEFENDANT MELANIE PICKENS' RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST TO LIFT STAY

COMES NOW Melanie Pickens, a Defendant in the above-referenced case, and files this, her Response in Opposition to Plaintiff's Request to Lift Stay. As discussed in more detail below, Plaintiff's Request to Lift Stay should be denied for the reasons set forth in Pickens's Post-Dismissal Status Report and Request for Continuation of Stay Pending State's Appeal. Moreover, Plaintiff's arguments for lifting the stay are either irrelevant or completely meritless. Plaintiff's request to lift the stay therefore should be denied.

## I. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff's Request To Lift Stay Should Be Denied

Plaintiff's request to lift the stay in this case should be denied for the reasons stated in Pickens' Request for Continuation of Stay Pending the State's Appeal. Although Judge Newkirk dismissed the indictment in its entirety, the State has appealed that ruling. If the Court of Appeals reverses Judge Newkirk's ruling, Pickens would be required to face trial and would essentially be in the same position as she was in prior to Judge Newkirk's ruling. Moreover, as discussed in Pickens' Request for Continuation of Stay, numerous federal courts have continued to stay civil proceedings during an appeal in a related criminal case, even after a conviction. Of course, the basis for continuing the stay in this case is even more compelling because <u>Pickens</u> prevailed in the criminal case, and it is the <u>State</u> that is pursuing an appeal.

Plaintiff attempts to justify her request to lift the stay primarily by arguing (with inflammatory rhetoric) the merits of her claims against Pickens and hurling (yet again) more unfounded and reckless accusations of "bad faith" and "abuse of

the process" against Pickens and her counsel.[1]  However, Plaintiff's contentions regarding the merits of his claims (much less her ad hominem attacks against Pickens and her counsel) have no bearing on whether the stay should be lifted or continued.[2]

Recognizing this fact, Plaintiff attempts to manufacture concerns that witnesses may forget critical facts or leave this jurisdiction. (Pl.'s Brief, pp. 2-3). Plaintiff, however, has failed to identify specifically any witness who has left (or

---

[1] For example, Plaintiff represented to this Court that (1) Pickens made a "bad faith argument of good faith abuse" (Pl.'s Brief, p. 1); (2) the civil and criminal process was being "abused" by Pickens to "aid" Pickens in avoiding "civil and criminal liability" (id. at p. 2); (3) Pickens had filed a "bad faith motion" in the criminal case seeking dismissal of the criminal charges that was ***"without merit on its face"*** (id.) (bold, underline and italic in original); (4) Pickens was planning to "use this bad faith immunity argument, once denied" to appeal the ruling and further delay the criminal case (id.); (5) Pickens was intentionally abusing the civil and criminal process (id. at p. 3); (6) Pickens now was "abusing that [criminal] process, making a bad faith argument, basically asserting the alleged abuse . . . was all done in 'good faith'" (id. at pp. 3-4); and (7) Pickens "is arguing to the Fulton County Superior Court that she is immune from prosecution because, in essence, this sadistic abuse was all done in good faith.  This is just another bad faith argument made by counsel to delay this process . . ." (Id. at p. 8).
  The day after Plaintiff made these spurious assertions, Judge Newkirk **granted** Pickens' motion to dismiss **in its entirety** and dismissed **all** the criminal charges against Pickens, finding that Pickens acted in good faith in carrying out her teaching duties.  It is the State, not Pickens, that is appealing Judge Newkirk's ruling and thereby delaying the conclusion of the criminal case.

[2] As Judge Newkirk's ruling demonstrates, Plaintiff's tirade – masquerading as a "status report" – omits numerous material facts demonstrating that Pickens acted in good faith in carrying out her teaching duties.  Pickens will address the merits of Plaintiff's claims at the appropriate time.

3

will leave) this jurisdiction,[3] is "forgetting" testimony,[4] is having unspecified "health issues," or is having unspecified "other issues." (Pl.'s Brief, p. 3). In any event, Plaintiff has failed to explain why witnesses cannot have their memory refreshed if necessary with previous deposition testimony or transcripts of previous witness interviews. Nor has Plaintiff acknowledged that (if summary judgment is denied) he may take a trial deposition of any witness who leaves this jurisdiction to preserve his or her testimony for trial.

Based on the foregoing, Plaintiff's Request To Lift Stay should be denied.

## II. CONCLUSION

For all the reasons set forth herein, the stay in this case should not be lifted, but rather should remain in effect pending the outcome of the State's appeal in the criminal case.

---

[3] Most of the relevant witnesses testified very recently during the hearing in the criminal case, including: Judy Massey, Cindy Eitmann, Denise Baugh, Susan Tallant, Stacy White and Stephanie Sosebee.

[4] Plaintiff attempts to buttress this claim by asserting that, on February 3, 2014, at least one unidentified witness could not recall unspecified "critical facts." (Pl.'s Brief, p. 3). This contention is astonishing in light of the fact that neither Plaintiff's counsel nor his mother were present in the courtroom on that date. In any event, even if true, Plaintiff has failed to demonstrate that the witness' memory could not be refreshed with prior deposition testimony or interview transcripts.

4

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

Attorneys for Defendant Melanie Pickens

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339
T:  (770) 818-0000
F:  (770) 937-9960

Case 1:11-cv-01110-JEC Document 222 Filed 02/20/14 Page 6 of 8

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14 point type face.

**FREEMAN MATHIS & GARY, LLP**

\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL,<br><br>    Plaintiff,<br><br>v.<br><br>MELANIE PICKENS, PAULA MERRITT, and FRANCES BOYD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:11-CV-01110-JEC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I have this day electronically submitted the foregoing **DEFENDANT MELANIE PICKENS' RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST TO LIFT STAY** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are as follows:

Chris E. Vance, Esq.
Chris E. Vance, P.C.
2415 Oak Grove Valley Road
Suite 100
Atlanta, Georgia 30345

Matthew H. Patton, Esq.
Kilpatrick Townsend and Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309

Lawrence B. Domenico, Esq.
Mozley, Finlayson & Loggins, LLP
One Premier Plaza
Suite 900
5606 Glenridge Drive
Atlanta, Georgia 30342

Neeru Gupta, Esq.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 – 17th Street, N.W., Suite 1700
Atlanta, GA  30363

John D. Wales, Esq.
Law Offices of John D. Wales, P.C.
600 Village Trace
Marietta, GA  30067

This 20th day of February, 2014.

/s/ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555

Attorney for Defendant Melanie Pickens

FREEMAN MATHIS & GARY
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
950905

8