IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| MELANIE PICKENS, PAULA MERRITT, and FRANCES BOYD, | ) ) ) | NO. 1:11-CV-01110-JEC |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE TO ORDER**

COMES NOW Plaintiff Jake Marshall, by and through his Guardian, Conservator, and Next Friend, Judy Marshall, and files this response to the Order entered on February 26, 2014 (Doc. 224).

**I.   DISCOVERY IS COMPLETE**

There is no discovery left to be had in this case, as discovery was concluded on July 11, 2013.

On July 15, 2013, Magistrate Judge Janet F. King entered an oral order as follows: "The discovery having been extended to July 11, 2013; and there being

1

no further discovery issues; discovery is closed, and the reference to the magistrate judge is terminated."

Defendant Pickens requested in her untimely motion to stay this case that she be allowed to be re-deposed, but this should not be allowed, for she was deposed on March 6, 2013, at a cost of *literally* thousands of dollars to Plaintiff, all other discovery was completed in this case as of July 11, 2013, and discovery was closed on that day.

On February 11, 2013, Plaintiff noticed the deposition of Defendant Pickens (Doc. 154). Pickens had been earlier indicted on criminal charges on December 12, 2012, but Defendant Pickens did not seek to stay this matter but instead continued to participate in discovery. *See* Indictment, attached hereto. For example, on February 24, 2014, Defendant Pickens served upon Plaintiff her amended responses and objections to Plaintiff's second request for admission (Doc. 223-3). Then, Defendant Pickens, through her counsel, actually **_insisted_** that her deposition go forward as noticed. On March 5, 2013, the day before Defendant Pickens' deposition was to be taken, counsel for Defendant Pickens sent an email at 10:17 a.m. to Plaintiff's counsel, stating the deposition of Pickens could go forward the following day, as scheduled. Then, after 4 p.m. that same day, Pickens' counsel called Plaintiff's counsel and informed her that Pickens' deposition could not go forward *at the time* scheduled because her criminal

attorney had just filed an "emergency" motion[1] and was going to be heard on said motion the next day, which was the morning of Pickens' deposition. Pickens counsel nevertheless insisted that the deposition of Pickens go forward the next day and that it begin at some *unknown time* later in the day (whenever Pickens' criminal counsel was available). Pickens' counsel followed up this late notice with an email at 5:02 p.m., stating that Plaintiff could not depose Pickens until her criminal attorney arrived, which should be by 10:30 a.m., "but there are no guarantees," stated Pickens' counsel in writing. Counsel for Plaintiff Jake Marshall replied back to all Defendants' counsel that Pickens' deposition could not proceed under such terms, for there was an unknown deposition start time as well as the fact that the delay might cause the deposition to run to two days (this case has already been very litigious and expensive, and Plaintiff's counsel have been trying diligently to reduce the runaway costs of this litigation). Plaintiff notified the court reporter that Pickens' deposition would not be taken and would have to

---

[1] Pickens' criminal counsel waited until the last minute and asked to be heard by the Superior Court of Fulton County regarding a motion to enjoin Plaintiff, his representative, and his attorneys, who were not parties to the criminal case, from distributing Pickens' upcoming deposition videotape or transcript. Pickens' criminal attorney did not consult with Plaintiff's counsel on that issue, much less simply ask Plaintiff's counsel to agree to such before filing the last minute motion before Pickens' deposition, nor did she inform Plaintiff's representative and counsel that she was seeking to obtain an injunction against them. Pickens' motion was denied, for the Court had no jurisdiction over Plaintiff, his representative, or his counsel, for they were not parties or in privity to the parties in the criminal case.

be rescheduled when a time certain for beginning the deposition could be arranged. Pickens' counsel, however, called the court reporter and told her to appear and informed counsel for Plaintiff by telephone on March 6, 2013 that regardless of whether Plaintiff and his attorneys showed up or not, Pickens was going forward with her deposition that *Plaintiff had noticed*. Thus, Plaintiff's representative and his two attorneys appeared, were required to wait for some time, and then took the deposition of Pickens at the insistence of Pickens' own counsel.

Three weeks after Plaintiff took Pickens' deposition at Pickens' counsels' insistence, Pickens filed a motion to stay these proceedings (Doc. 192). On May 9, 2013, this Court entered an Order and Opinion (Doc. 200), ruling as follows: "As this civil case, in the natural and normal order of events, will likely be tried after the criminal case, there is no good reason not to stay the case once discovery has been concluded, which the Court now does." At the time of the Order and Opinion, Pickens had been deposed for over two months, and after the order was entered, the parties proceeded forward in completing all outstanding discovery. Thus, there is no discovery left to be taken in this case.

As the Court is aware, this case was assigned to a four month discovery track, and discovery was ordered to begin in this case on March 12, 2012, almost

two years ago today.[2]  Scheduling Order, April 23, 2012, p. 1 (Doc. 59).  At the request of Defendants, this case was placed on an eight month discovery track and scheduled to end on November 14, 2012.  *Id.*  In allowing Defendants' requested extension of the discovery period, this Court informed the parties in the Scheduling Order in 2012 as follows:  "**Given this lengthy period of discovery, the Court will look disfavorably on any request for a future extension.** …"

The time to complete discovery has been extended several times subsequent to the entry of the Scheduling Order, and at this time, all the parties have been served with and have served interrogatories and other discovery, 21 witnesses have been deposed over 28 days over a nine month period, and discovery has ended and the period for discovery was closed by the Magistrate Court.  Defendant Boyd noticed and took 8 depositions, Defendant Pickens noticed and took 10 depositions, and Plaintiff noticed and took 3 depositions (the depositions of Pickens and her two named experts).

The time to complete discovery having ended on July 11, 2013 and discovery being closed on that same day, there is no discovery left to be taken in

---

[2] Discovery in this case actually began on March 1, 2012, when Defendant Merritt served Plaintiff and Defendant Boyd with admissions, interrogatories, and document production requests, and Boyd served Defendant Merritt and Plaintiff with interrogatories and Plaintiff with a request for production (Doc. 37-46). On March 2, 2012, Defendant Pickens served Plaintiff with interrogatories (Doc. 49).

this matter, and the Defendants, including Pickens, have been allowed an extended discovery period and extensive discovery, as they took 19 depositions.

No doubt Pickens will advocate for a second bite at the apple, for she does not want her first deposition used in this case, yet Pickens should not have insisted the deposition go forward but should have timely filed a motion to stay this matter back in December 2012. Moreover, Pickens has answered extensive admissions as well as interrogatories, asserting she did ever do anything to Jake, not even that which she herself admitted to the Georgia Professional Standards Commission in a taped interview to doing and even that which she has admitted to doing in writings she and her counsel gave to the Georgia Professional Standards Commission.

## II. <u>AFFIRMANCE OF THE DISMISSAL OF THE CRIMINAL CASE AGAINST PICKENS WOULD NOT NARROW THE ISSUES IN THIS CIVIL CASE</u>

Should the Georgia appellate court affirm the dismissal of the criminal case against Pickens, such would have no effect whatsoever upon Plaintiff Jake Marshall and this cause of action and would in no way narrow the issues in this matter.

Plaintiff Jake Marshall is not a party in the criminal case of *The State of Georgia v. Pickens*, Fulton County Superior Court, Case No.: 12-sc-115803, nor is he in privity with the State of Georgia. Furthermore, he is not represented by legal

counsel in the criminal action between the State of Georgia and Pickens, and that criminal proceeding does not provide Jake Marshall any representation whatsoever. Thus, the criminal case does not provide Jake any opportunity to litigate the issues and claims he raises in this civil suit, much less the legally required "full and fair opportunity to litigate."

"Although neither judges, the parties, nor the adversary system performs perfectly in all cases, the requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard." *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 329 (1971). "Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position." *Id.*

Plaintiff Jake Marshall has never agreed to be bound by a criminal cause of action brought by the State of Georgia against Pickens for which he is not a party, is not represented by his legal counsel, and has no control over whatsoever. The State of Georgia owes no legal duty to Jake, and he has no control over the State, its criminal case, or Fulton County's District Attorney. Jake could not present

evidence at the prior hearing, and he could not file a notice of appeal, for he has no standing to do so.  *See* O.C.G.A. § 17-17-15(c).

While victims in the State of Georgia are supposed to have some very limited rights, there is no consequence if they are not provided, and victims do not have the right to be a party in a criminal matter brought by the State or to be represented by their counsel in criminal matters.  *See* O.C.G.A. §§ 17-17-1 to 17-17-16.

Under the statutory law of the State of Georgia, victims of crimes in Georgia have no "standing to participate as a party in a criminal proceeding or to contest the disposition of any charge." O.C.G.A. § 17-17-15(c).  Victims and their representatives deemed material and necessary witnesses cannot even be in the courtroom of a criminal case during the presentation of evidence if the their presence would impair the conduct of a fair trial.  O.C.G.A. § 17-17-9(a).

As Defendant Pickens civil counsel is aware, for her civil attorney was present at the criminal hearing, Jake Marshall's representative, his adoptive mother and legal guardian, was not even allowed to be in the courtroom when Pickens and the State of Georgia presented evidence in the criminal matter, for Pickens and her

criminal attorney moved to have Mrs. Marshall barred from even observing the criminal proceedings.[3]

To estop Plaintiff Jake Marshall from pursuing his claims based upon a criminal action brought by the State of Georgia where he has no privity, no standing, and no representation would effect a manifest injustice and would deny Jake his day in court and his rights to due process under the law.

"It is well settled that res judicata cannot be applied against a party who did not have a full and fair opportunity to litigate an issue in a previous suit.  The Supreme Court has noted that 'the Court has repeatedly recognized ... that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate [an] issue in the earlier case.' *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980)." *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1504 (11th Cir. 1984).

---

[3] Pickens and her criminal counsel argued Mrs. Marshall could not be in the court room during the hearing, asserting she was a material and necessary witness, but then Pickens and her attorney did not even call Mrs. Marshall to testify.  Pickens and her criminal counsel, in an apparent effort to harass Jake's civil counsel in this matter and bar her from the criminal proceedings, also served a subpoena upon Jake's civil counsel, knowing she had no firsthand knowledge of any of the allegations of abuse.  Both of Jake's attorneys had to explain to Pickens' criminal counsel prior to the criminal hearing the actions that would be taken due to the overt abuse of the subpoena process in order for Pickens' attorney to finally release Jake's counsel from the oppressive subpoena served upon her by Pickens and her counsel.

"To invoke collateral estoppel, a party must demonstrate four elements: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989). In this case, Plaintiff has not yet had an opportunity to litigate any issue involving his claims, and the State of Georgia criminal indictment only covered Pickens unlawfully confining Jake on May 21, 2007, unlawfully confining him on some day between March 1, 2007 and May 20, 2007, and slamming Jake into school lockers and wall on one time between March 1, 2007 and May 20, 2007. *See* Indictment, attached hereto. Jake raises many other acts of ongoing verbal, emotional, and physical abuse and many other acts of abuse from August 2004 to May 2007. Thus, the identity of issues requirement of estoppel could not be satisfied, yet, that is irrelevant, for Jake Marshall has yet to have a chance to litigate his claims, much less a full and fair opportunity to do so. *See McWorther*, 887 F.2d at 1568 (The court found estoppel inapplicable for "although 'similar in nature and close in time,'" the transactions "did not involve the individual cases at issue" in the case before the Court.).

### III. **CONCLUSION**

Plaintiff respectfully requests this civil matter proceed to a jury trial, as there are no valid grounds for continuing to stay this matter, discovery is complete, and an affirmance of the criminal case dismissal would in no way narrow or otherwise impact the issues in this case.

### IV. **CERTIFICATION**

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that the within and foregoing Brief was prepared with Times New Roman 14-point font, as permitted by Local Rule 5.1C.

Respectfully submitted this the 10th day of March 2014.

/s/ Chris E. Vance
Chris E. Vance
Ga. Bar No. 724199

Counsel for Plaintiff

**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel: (404) 320-6672
Fax: (404) 320-3412

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiff's Response to Order** has been served electronically via email upon counsel for all Defendants.

This 10th day of March 2014.

                                                  /s/ Chris E. Vance
                                                  Chris E. Vance
                                                  Ga. Bar No. 724199

                                                  Counsel for Plaintiff

**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel:  (404) 320-6672
Fax: (404) 320-3412