**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL,** ) ) ) ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:11-CV-01110-JEC** |
| ) | |
| **MELANIE PICKENS, PAULA MERRITT, AND FRANCES BOYD,** ) ) ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT MELANIE PICKENS' RESPONSE TO
PLAINTIFF'S REQUEST FOR DEFENDANTS
TO FILE ORIGINAL DEPOSITIONS WITH THE COURT**

COMES NOW, Melanie Pickens, a Defendant in the above-referenced case, and files this, her Response to Plaintiff's Request for Defendants to File Original Depositions with the Court.

Plaintiff requests that Pickens and Defendant Frances Boyd file the original deposition transcripts for depositions cited in Plaintiff's February 14, 2014 response to Pickens' Motion to Continue Stay Pending Outcome of State's Appeal. However, Local Rule 26.3B only provides for the filing of original discovery material that is necessary to a motion.  Local Rule 26.3B.

1

Pickens respectfully submits that the deposition testimony cited by Plaintiff is not necessary to the Court's resolution of Pickens' Motion to Continue Stay.  In this regard, Pickens notes that, two days after Plaintiff filed his response, the Court issued an Order on February 26, 2014 instructing Plaintiff (and the Defendants) to file additional briefs that address what the Court determined to be the relevant issues.  Simply put, as the Court implicitly recognized in its 2/26/14 Order, Plaintiff's contentions regarding the merits of his claims do not have any bearing on whether the stay of this case should continue pending the outcome of the State's appeal of the dismissal of the criminal charges against Pickens.

To the extent that the Court concludes that the deposition transcripts identified by Plaintiff should be filed with the Court, Pickens respectfully submits that the deposition transcripts should be filed only under seal.  There is no public right of access to the deposition transcripts identified by Plaintiff because Plaintiff has not requested the filing of these deposition transcripts in connection with a dispositive motion or some other motion addressing the substantive merits of Plaintiff's claims. <u>Chicago Tribune v. Bridgestone/Firestone</u>, 263 F.3d 1304, 1312-1313 & n.11 (11th Cir. 2001).

Even if there were a public right of access to these deposition transcripts at this stage of the proceeding, the public disclosure of the deposition transcripts is

subject to a balancing of competing interests.  Id. at 1311, 1312 (citing Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983)).  Accord United States v. Ignasiak, 667 F.3d 1217, 1238 (11th Cir. 2012).

In the context of balancing the competing interests, the Eleventh Circuit repeatedly has emphasized that a party's Sixth Amendment right to a fair trial is an important concern. See, e.g., Wilson v. American Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985) ("The right to a fair trial has, of course, always been recognized as an important, if not paramount concern in balancing the right of access"); United States v. Rosenthal, 763 F.2d 1291, 1295 n.5 (11th Cir. 1985) ("Of course, the ability of the defendant to get a fair trial if access is granted is the primary ultimate value to be weighed on the non-access side of the balance"); Belo Broadcasting Corp. v. Clark, 654 F.2d 423, 431 (5th Cir. 1981) (affirming district court's denial of access to audiotapes in order to ensure that yet-to-be-tried defendant received fair trial and stating that "[i]t is better to err, if err we must, on the side of generosity in the protection of a defendant's right to a fair trial before an impartial jury").

As the Court has acknowledged, there has been substantial media coverage regarding the allegations against Pickens that are the subject of this litigation and the criminal case on appeal.  If deposition transcripts were available on the public

docket, media outlets could obtain these transcripts and report about the testimony contained set forth therein in broadcast and print.  Moreover, prospective jurors in the criminal case (if the dismissal of the indictment is reversed on appeal) would have the opportunity to examine voluminous testimony regarding the allegations against Pickens and form opinions as to the criminal charges against Pickens.

Based on the foregoing, Pickens respectfully requests that Plaintiff's request for Defendants to file original deposition transcripts with the Court be denied.  In the alternative, if the Court concludes that the filing of the deposition transcripts is warranted, Pickens respectfully requests that the deposition transcripts be filed under seal.[1]

---

[1]  Counsel for Defendant Frances Boyd has authorized the undersigned counsel to represent to the Court that Defendant Boyd agrees with the arguments raised by Pickens herein.

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**


\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

Attorneys for Defendant Melanie Pickens

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339
T:  (770) 818-0000
F:  (770) 937-9960

## <u>CERTIFICATE OF FONT SIZE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14 point type face.

**FREEMAN MATHIS & GARY, LLP**

\s\ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555
William H. Buechner, Jr.
Georgia Bar No. 086392

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T – 770.818.0000
F – 770.937.9960

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL,** | ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) )   **Case No. 1:11-CV-01110-JEC** |
| | ) |
| **MELANIE PICKENS, PAULA MERRITT, and FRANCES BOYD,** | ) ) ) ) |
| **Defendants.** | ) |

## <u>CERTIFICATE OF SERVICE</u>

I have this day electronically submitted the foregoing **DEFENDANT MELANIE PICKENS' RESPONSE TO PLAINTIFF'S REQUEST FOR DEFENDANTS TO FILE ORIGINAL DEPOSITIONS WITH THE COURT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are as follows:

Chris E. Vance, Esq.
Chris E. Vance, P.C.
2415 Oak Grove Valley Road
Suite 100
Atlanta, Georgia 30345

Matthew H. Patton, Esq.
Kilpatrick Townsend and Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309

Lawrence B. Domenico, Esq.
Mozley, Finlayson & Loggins, LLP
One Premier Plaza
Suite 900
5606 Glenridge Drive
Atlanta, Georgia 30342

Neeru Gupta, Esq.
Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 – 17th Street, N.W., Suite 1700
Atlanta, GA  30363

John D. Wales, Esq.
Law Offices of John D. Wales, P.C.
600 Village Trace
Marietta, GA  30067

This 31st day of March, 2014.

/s/ Mary Anne Ackourey
Mary Anne Ackourey
Georgia Bar No. 001555

Attorney for Defendant Melanie Pickens

FREEMAN MATHIS & GARY
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
980140