IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JAKE MARSHALL, by and through his Guardian, Conservator, and Next Friend, JUDY MARSHALL, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION FILE |
| MELANIE PICKENS, PAULA MERRITT, and FRANCES BOYD, ) ) ) | NO. 1:11-CV-01110-WBH |
| Defendants. ) | |

### BRIEF IN REPLY TO DEFENDANT PICKENS' RESPONSE TO PLAINTIFF'S NOTICE OF FINAL JUDGMENT

COMES NOW Plaintiff Jake Marshall, by and through his Guardian, Conservator, and Next Friend, Judy Marshall, and submits this brief, replying to Defendant Pickens' brief in response to Plaintiff's notice that a final judgment (regardless of any appeal) has been entered in the criminal case pending against Defendant Pickens.

Pursuant to this Court's Order entered May 28, 2013, the Court stated it would dissolve its prior orders once it received notice that a final order (regardless of any appeal) had been entered, so contrary to Defendant Pickens' assertions, Plaintiffs notice was not a motion and was proper notice as required by the Court's

1

order.  In addition, the order considered the possibility of an appeal, and even if it had been by Pickens, it could have resulted in ongoing litigation after an appeal.

Again contrary to Defendant Pickens' assertions,   Plaintiff will in fact be prejudiced if portions of the record continue to be sealed, as Pickens' insurer, National Casualty Company, has sued Pickens and Jake Marshall in state court *regarding this matter*.  National Casualty Company asserts that it is not obligated to defend Pickens in this suit or to indemnify her for any liability she may incur to Jake in this suit.  Pickens is in default in that case and has refused to accept her certified mail or to answer her door when she appears to be at home, and personal service has been tried upon her at least 10 times to no avail.  Given she may not be available for trial in the matter involving obligations in this suit, secondary evidence may be used, and those documents are currently sealed.

Pickens cannot default in a case directly involving this suit and then repeatedly evade service all the while insisting that important portions of this record be sealed, thus preventing them from being used in related litigation.

It is also onerous to the Court *and the filing party* for pleadings and documents to have to be filed under seal.  In this case, it will require Plaintiff to file his brief opposing Pickens' motion for summary judgment (and perhaps his response to asserted undisputed facts) in two separate parts, one of which will be under seal, just to make one complete response and comply with the ongoing

obligation to file under seal portions of the record.  This increases attorney's fees and costs in already abusive litigation in which Pickens has denied ever doing any of the acts numerous witnesses have repeatedly stated and/or testified she did and after herself admitting in writing and orally to a government agency which tape recorded her statement that she in fact did do many of the things she is accused of doing.

Defendant Pickens' brief to Plaintiff's notice is without merit and without logic.  The only reason Pickens provided to this Court for continuing to seal portions of this record and for requiring that certain pleadings and orders going forward be sealed is that the media is interested in the litigation.  The media is interested in many cases filed with the courts, and the presumption is of public access to judicial, public documents.  Defendant Pickens' criminal attorney has spoken directly to the media more than once.  *See, e.g.* Fox 12 News Story, attached hereto as Exhibit A.  Pickens seeks to have only what she wants go to the media and to prevent anything she does not want to be public record.  This is improper.

*Finally and very importantly*, there is no valid reason whatsoever to continue to seal the record in this case.  Pickens has filed an answer, not under seal, in the matter of *Alexander Williams v. Fulton Cty. Sch. Dist.*, United States District Court for the Northern District of Georgia, Case 1:14-cv-00296-AT, Document 43,

August 13, 2014.  *See* Defendant Melanie Pickens' Answer to Plaintiffs' Complaint, attached hereto as Exhibit B.

The undersigned hereby certifies that the foregoing brief was prepared with Times New Roman 14-point font, as permitted by Local Rule 5.1C.

Respectfully submitted this the 18th day of August 2014.


    /s/ Chris E. Vance
Chris E. Vance
Ga. Bar No. 724199

Counsel for Plaintiff


**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel:  (404) 320-6672
Fax: (404) 320-3412
Email:  chris@chrisvancepc.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Brief** has been served electronically via email upon counsel for all Defendants.

This 18th day of August 2014.

   /s/ Chris E. Vance
Chris E. Vance
Ga. Bar No. 724199

Counsel for Plaintiff

**CHRIS E. VANCE, P.C.**
Suite 100
2415 Oak Grove Valley Road
Atlanta, GA 30345
Tel:  (404) 320-6672
Fax: (404) 320-3412
Email:  chris@chrisvancepc.com