IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAKE MARSHALL, by and
through his Guardian,
Conservator, and Next Friend,
JUDY MARSHALL,

      Plaintiff,

v.

MELANIE PICKENS, PAULA
MERRITT, and FRANCES BOYD,

      Defendants.

CIVIL ACTION FILE

No. 1:11-cv-1110-TCB

## O R D E R

Plaintiff Jake Marshall filed this lawsuit alleging that he suffered

physical and sexual abuse while enrolled in a Fulton County School

District middle school. Defendant Melanie Pickens was his teacher,

Defendant Paula Merritt was his instructional lead teacher, and

Defendant Frances Boyd was his principal at the time the abuse is

alleged to have occurred. In December 2014, the case was reassigned to

the undersigned, and the parties unsuccessfully mediated with Magistrate Judge Baverman on January 27, 2015.

The factual allegations in this civil lawsuit also gave rise to state criminal charges against Pickens. A Fulton County Superior Court judge found that Pickens was entitled to immunity from prosection pursuant to O.C.G.A. § 20-2-1001.[1] That decision is currently on appeal to the Georgia Court of Appeals and has been fully briefed. The Court finds that the instant civil case should be stayed pending resolution of the criminal matter.

District courts have the discretion to stay civil proceedings pending resolution of criminal matters, to control its docket and manage its cases, and under other circumstances "if the interests of justice so require." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (citing *United States v. Kordel*, 397 U.S. 1, 12 (1970)); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D.

---

[1] That statute provides, in pertinent part, that an educator, including a teacher, is "immune from criminal liability for any act or omission concerning, relating to, or resulting from the discipline of any student or the reporting of any student for misconduct, provided that the educator acted in good faith."

Tex. 2008) ("When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action."); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing court's "broad discretion to stay proceedings as an incident to its power to control its own docket").

In the instant case, the Court finds that a stay is warranted for several reasons. First, there is a close identity of issues involved in the civil and criminal proceedings, and it is likely that resolution of the criminal case "may determine and narrow the remaining civil issues." *Grand Jury Proceedings (Williams) v. United States*, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993).

Second, if the Georgia Court of Appeals reverses the superior court's determination that Pickens is immune from criminal prosecution, Pickens's rights in any ensuing criminal trial could be jeopardized by testimony or other developments in this civil case.

Third, the Court concludes that the interests of justice and judicial economy will be served by the stay and that the stay poses no corresponding risk of significant harm to the interests of the parties or the public. *See Trs. of Plumbers*, 886 F. Supp. at 1140 (granting stay

3

where doing so would not "cause serious or immediate injury" to the public's interest in obtaining prompt and effective redress).

Finally, because the criminal appeal is fully briefed and ripe for decision, the stay being entered is not indefinite, nor is it likely to be immoderate. *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) ("We cannot uphold . . . an indefinite or immoderate stay . . . ."). This is particularly true in light of the "two-term rule" enshrined in Georgia's Constitution, which requires the Georgia Court of Appeals to "dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term." GA. CONST. art. VI, § 9, ¶ 2. In the unlikely event the appeal is not timely ruled on, the superior court's order will be affirmed by operation of law. *In re Singh*, 576 S.E.2d 899, 901 n.3 (citing *Superb Carpet Mills v. Thomason*, 359 S.E.2d 370, 372 (Ga. Ct. App. 1987)).

Accordingly, this case is hereby stayed pending an order from the Georgia Court of Appeals in *State v. Melanie Pickens*, case number

4

A14A1593, and the Clerk is directed to administratively close this case.[1]

Upon the issuance of such order, any party may file a motion to reopen

this case, and upon further Order of the Court, it shall be reopened and

the pending motions reactivated. The briefing schedule previously set

relating to those motions is hereby tolled. When the Court enters an

order reopening this case, it will provide the parties with a revised

schedule for the filing of any remaining briefs.

IT IS SO ORDERED this 5th day of February, 2015.

Timothy C. Batten, Sr.
United States District Judge

---

[1] Administratively closing a case is a docket-control device used by the Court for statistical purposes. It does not prejudice the parties' rights in any manner.